MARY AUGUSTA KING, Executrix, etc., et al., Respondents, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK et al., Appellants.

Where, under a statute closing a highway, damages were directed to be awarded and paid to the owners of premises injured by the closing, *held*, that the right to damages was personal, and belonged to an owner at the time of the closing, although before the award he had conveyed his title.

Where, after such a statutory closing of a highway, an owner of premises injured conveyed them, bounding the lands conveyed by the highway,

*held*, that the deed did not convey an easement in the highway, which entitled the grantee to the damages subsequently awarded ; that the latter was chargeable with knowledge that the highway no longer existed, and was to be presumed to have purchased in view of that fact.

*Also held*, that, in the absence of a covenant in the deed that the road was or should remain a public highway, none such could be implied ; that it was not included in a covenant of warranty, as such a covenant is only commensurate with the grant and is not, therefore, applicable to an easement not in fact conveyed ; also that the only easement which by possibility could be even claimed from the words of the deed, if construed as more than mere description, would be a right in common with the public over a public highway, which, if it existed, the grantor could not effectually convey, and so, it could not be appurtenant to the land, and would not pass by the use of the word "appurtenances" in the deed.

The distinction pointed out between this case and one where an owner has made a map of lands, on which he has laid out streets, and so dedicated them, and then conveys by reference to the maps and streets.

(Argued March 18, 1886 ; decided April 13, 1886.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, made June 16, 1884, in favor of plaintiffs, entered upon a case submitted under section 1279 of the Code of Civil Procedure. (Reported below, 18 J. & S. 406.)

The matter in controversy was as to the right to an award of damages to certain premises by the closing of the Bloomingdale road, which amount was claimed by plaintiffs and by defendant, The Trustees of St. Patrick's Cathedral.

On the 25th day of April, 1871, Edward King and Wm. Henry King were the owners in fee of certain lots of land situate on said road, between Ninety-sixth and Ninety seventh streets, in the city of New York. On that day this property was conveyed to Richard Brennan. Bloomingdale road was closed in March, 1868, under the provisions of chapter 697 of the Laws of 1867. The award for the damage caused by the closing was made in December, 1880. The amount awarded for damage to the lots so conveyed to Brennan is $7,865. The plaintiffs have succeeded to the rights of Edward and Wm. Henry King, and the defendants above mentioned have succeeded to the rights of Richard Brennan. The lots

in the deed to Brennan are bounded in front by the easterly side of the Bloomingdale road. The deed also conveyed to said Brennan all the right, title and interest of the grantors, if any, in and to so much of the land of said Bloomingdale road as is adjacent to the land and premises conveyed. The deed contained the usual covenant of warranty; it conveyed the lands described, with the "hereditaments and appurtenances."

*Charles E. Miller* for appellants. The ordinary effect of the description bounded by the easterly side of the Bloomingdale road would be to convey an easement and right of way over the road. (*In re Mayor, etc.,* 2 Wend. 472; *Smyles* v. *Hastings,* 22 N. Y. 217; *Cox* v. *James,* 45 id. 557.) The fund representing the damage to the premises by reason of the non-existence of the road being in court, will be administered by it in equity according to the equitable rights of the parties. (*Underwood* v. *Stuyvesant,* 19 Johns. 181; *In re Application Mayor, etc.,* 1 Wend. 262; *In re Mercer Street,* 4 Cow. 544; *Livingston* v. *Mayor, etc.,* 8 Wend. 85, 100; *Bissell* v. *N. Y. C. R. R. Co.,* 23 N. Y. 61, 64; *In re Eleventh Ave.,* 81 id. 436; *Cox* v. *James,* 45 id. 557; *Wiggins* v. *McCleary,* 49 id. 346; *Taylor* v. *Hopper,* 62 id. 649.) Plaintiffs having conveyed the lots, describing them as bounded by a road, are estopped to deny that such a road existed, or that the grantor might use the same, and such estoppel is as effectual as a warranty. (Washburn on Real Estate, 467; *Parker* v. *Smith,* 17 Mass. 413; *Emerson* v. *Wiley,* 10 Pick. 310; *O'Linda* v. *Lathrop,* 21 id. 292; *Tuft* v. *Charlestown,* 2 Gray, 271; *Thomas* v. *Poole,* 7 id. 83; *Farnsworth* v. *Taylor,* 9 id. 162; *Rodgers* v. *Parker,* id. 445; *Stetson* v. *Dow,* 16 id. 372; *Gaw* v. *Hughes,* 111 Mass. 296; *Howe* v. *Alger,* 4 Allen, 206.) Equity will apply the maxim *nemo debet locupletari ex abtarius incommodo.* (Story's Eq. Jur., § 1234; Branch's Maxims, 124; Dig. Cor. Juris. Civilis, Lib. 50, tit. 1, p. 200.)

*James A. Deering* for respondents. The road was closed March 8, 1868, when the map of the Central Park commissioners was filed omitting it. (Chap. 697, Laws of 1867, § 3;

*Fearing* v. *Irwin*, 4 Daly, 385 ; affirmed, Ct. of App., 55 N. Y. 486.) The right to such damages became then absolute. (*Hatch* v. *Mayor, etc.*, 43 N. Y. Sup. Ct. 426.) The right to damages in such cases, although not ascertained or allowed, will not pass by deeds executed subsequently to the act causing damage. (*Schuyler Nav. Co.* v. *Decker*, 2 Watts [Penn.], 343 ; *McFadden* v. *Johnson*, 72 Penn. 335 ; *Arthur* v. *Penn R. R.*, 27 Leg. Int. 237 ; *Tenbrook* v. *Jakke*, 77 Penn. 392 ; *Cent. R. R. Co.* v. *Hetfield*, 5 Dutch. 206 ; *Jones* v. *Costigan*, 12 Wis. 677 ; *Adams* v. *Conover*, 87 N. Y. 422.) Defendant's claim must be based upon some specific covenant. There can be no claim upon any implied covenant. (1 R. S. [2d ed.] 689.) There is no specific covenant or statement as to the existence of said road as a public road in the deed. The reference to the road is in the general description only, and this does not amount to a covenant or representation upon which an action may be maintained. (*Wheeler* v. *Clarke*, 58 N. Y. 267 ; *Howe* v. *Alger*, 4 Allen [Mass.], 206 ; *Hennessy* v. *O. C. & N. R. R. Co.*, 101 Mass. 540.) The filing of the map was constructive notice of the action of the Central Park commissioners. (*Wheeler* v. *Clark*, 58 N. Y. 267.) Brennan is presumed to have contracted in reference to the condition of the property as it was at the time of sale. (*French* v. *Carhart*, 1 Comst. 107 ; *Harsha* v. *Reid*, 45 N. Y. 415 ; *Hennessy* v. *O. C. & N. R. R. Co.*, 101 Mass. 540 ; *Howe* v. *Alger*, 4 Allen, 206 ; *Green* v. *Hollis*, 86 N. Y. 246 ; 3 Willard on Real Prop. 514, § 4.) Where a grantor in his deed conveys, fronting on a street which the public authority has not laid out or accepted, the grantee at most can only claim a private easement or right of way. Such dedication is not public, and no right to the use thereof by the general public is given. (*Cox* v. *James*, 45 N. Y. 557 ; *Bissell* v. *N. Y. C. R. R. Co.*, 23 id. 61 ; *Perrin* v *N. Y. C. R. R. Co* 46 id. 120 ; *Underwood* v. *Stuyvesant*, 19 Johns. 181.)

FINCH, J. The first question presented by this appeal is as to the ownership of an award of damages for the closing of the

Bloomingdale road. That road ceased to be a public highway, in March, 1868, when Edward and William Henry King were the owners of premises injured by the closing, and who, under the provisions of the statute, became entitled to all damages which might be awarded for the injury done. The right to those damages at once accrued, and although they were not fixed and ascertained until after the conveyance by Kings to Brennan and by the latter to the trustees of the cathedral, the fact does not alter the character of their right as a personal one, vested in them at the closing of the road. When paid it relates back to the original debt which accrued at that time. That right remained theirs and passed to the plaintiffs as their representatives, unless it was transferred by the deed of the premises executed by the Kings to Brennan. It was not in terms embraced in the deed and was a mere right of action not running with the land. The damages were like those which follow a trespass or wrongful taking of property, although the wrong is made rightful by the legislative authority and the damages are awarded as compensation. That has been held in cases where a railroad corporation has taken an owner's land, and thereafter, but before actual assessment, the owner conveyed the land. The assessed damages have been awarded to the owner as not passing by the deed. (*Schuylkill Nav. Co.* v. *Decker*, 2 Watts [Penn.], 343 ; *McFadden* v. *Johnson*, 72 Penn. St. 335.) The argument here made is this, that the deed to Brennan bounded the lands by the Bloomingdale road ; that such description conveyed an easement in the highway ; that the damages awarded were compensation for that easement lost and destroyed, and so passed by the deed as substitute and equivalent for the easement. The argument is unsound for two reasons. Merely bounding premises by a public highway for purposes of description, and where it is referred to as any fixed mark or monument might be, is very different from selling by reference to a map or plat on which the grantor has laid out streets and made a dedication and exposed himself to the equities of an estoppel; and then the road was in fact closed when the deed was made to Brennan, who knew or was bound

to know that the public highway no longer existed, and must be presumed to have bought and fixed his price in view of that fact. The courts below, therefore, correctly held that the award belonged to the plaintiffs.

Nor was the estate of the grantors liable for any breach of covenant in respect to the Bloomingdale road. No express covenant that it was a public highway or should so remain was contained in the deed, and the statute forbids that any should be implied. The covenant of warranty we have held to be commensurate with the grant, and, therefore, not applicable to an easement not in fact conveyed, and much less to one not even in existence, and known to have been destroyed by express enactment when the conveyance was made. The only easement which by possibility could be even claimed from the words of the deed, if construed as more than mere description, would be a right in common with the public over a public highway, and that, if it existed, the grantor could not effectually convey, and so it could not be appurtenant to the land and pass by the use of that phrase; and what did not pass by force of the grant is not covered by the warranty. (*Green* v. *Collins*, 86 N. Y. 246.) The conclusion that the estate represented by plaintiffs was not liable for a breach of warranty was, therefore, correct.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.