## PETERS *v.* CARLETON.

*(Supreme Court, General Term, First Department.   May 18, 1888.)*

1. MUNICIPAL CORPORATIONS — DISCONTINUANCE OF STREETS — OMISSION FROM CITY MAPS.

    Laws N. Y. 1867, c. 697, §§ 1, 2, authorized the commissioners of Central park to lay out certain new streets, and to file maps showing the same. Section 3 provided that all streets theretofore laid out, which should not be shown or retained on the maps, should, from the time of filing the said maps, cease to be or remain public streets. Section 3 then provided for payment of damages by reason of closing such streets. Under these provisions, a map was duly filed March 7, 1868, showing no part of the Bloomingdale road. In April, 1869, plaintiff sold to defendant premises abutting upon that road, which remained in public use until 1874. *Held* that, upon the filing of the map, the road ceased to be a legal highway, and plaintiff's right to the damages became fixed.

2. ESTOPPEL—BY RECITALS IN DEED—TO CLAIM DAMAGES FOR CLOSING STREET.

    In such case, a clause in plaintiff's deed to defendant as follows: "And also all the piece now called the 'Bloomingdale Road,' adjoining the above-granted premises, to the center line of said road, subject to the uses thereof by the public until closed by public authority,"—is not a recognition of the existence of the road, at the time of the conveyance, such as will estop plaintiff from claiming the damages for the closing.

Appeal from special term, New York county; GEORGE L. INGRAHAM, Justice.

This action was begun by Thomas M. Peters against the mayor, etc., of the city of New York, and George W. Carleton, impleaded, to recover the award made to property owners for damages by reason of the closing of Blooming-dale road. Plaintiff was the owner of certain premises abutting upon said road from a time prior to 1867 down to April, 1869, when he sold to defend-ant, Carleton. Laws N. Y. 1867, c. 697, § 1, provide that the commission-ers of Central park shall have power to lay out streets and avenues in that portion of New York city above Fifty-Ninth' street, and south of One Hun-dred and Fifty-Fifth street, and west of Eighth avenue. Section 2 provides that the commissioners shall cause two maps or plans to be made showing the street or avenue, etc., which they shall lay out or retain, and file the same. Section 3 provides that the maps and plans, when made and filed, shall be final and exclusive, as well in respect to the mayor, etc., as in respect of owners and occupiers of lands, etc., within the boundaries aforesaid; and that all the streets, avenues, roads, etc., theretofore laid out and established within the district mentioned, which shall not be shown or retained on the maps to be filed, shall from and after the time of filing the said maps cease to be or remain public streets, avenues, roads, etc. The section then provides that all damages to any land, or any building thereon, existing at the time of the passage of the act, on any street, avenue, or road laid out on the map of the city of New York, by reason of the closing of such street, shall be ascertained and paid as therein directed. By section 4 of the act it is provided that, when-ever the commissioners shall deem the public interest so require it, they may file, in the office designated, maps and plans for such street, avenue, etc., as they may from time to time lay out and establish, and all the provisions of the act should be applicable to the same when so filed. Under the provisions of this act the commissioners of the Central park, on the 7th day of March, 1868, made and filed maps showing the streets laid out and retained between Fifty-Ninth street and One Hundred and Fifty-Fifth street. On that map no part of the Bloomingdale road north of Fifty-Ninth street and south of One Hundred and Fifty-Fifth street is shown as retained as a public street. The plaintiff made claim to the damages to be awarded under the act, on the ground that he was the owner at the time the first map was filed, March 8, 1868, including the particular district in which were situated the premises conveyed, and not retaining the Bloomingdale road. Carleton, the defendant, claimed the damages because he was the owner of the premises (1) at the time, May, 1869, when the maps required to be filed by the commissioners were filed, and their action became final and conclusive; (2) when the road was actually closed, in 1874; (3) when the proceedings to close the road became effectual by the ascertainment of the damages for the loss of the easement; (4) because the plaintiff, by his conveyance, is estopped to claim the damages. The deed from plaintiff to defendant Carleton contained, after the description of the land conveyed, the following clause: "And also all the piece now called the 'Bloomingdale Road,' adjoining the above-granted premises, to the center line of said road, subject to the use thereof by the public until closed by pub-lic authority." Judgment was rendered for plaintiff, and defendant, Carle-ton, appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*James A. Deering*, for appellant. *J. A. Beall*, for respondent.

VAN BRUNT, P. J. The judgment appealed from might be allowed to rest entirely upon the opinion of the learned judge who tried the case at the spe-cial term, such opinion being founded upon the cases of *Fearing* v. *Irwin*, 55 N. Y. 490, and *King* v. *Mayor*, 102 N. Y. 175, 6 N. E. Rep. 395; which cases seem to determine the question adversely to the appellant upon this ap-peal. The decisions are distinct and unambiguous, and plainly hold that, upon the filing of the map, each public thoroughfare not retained on said map

ceased to be a highway, and became in law actually closed. The rights of the parties, therefore, became fixed at this time, and the mere fact that the abutting owner failed to occupy the property which had reverted to him in no way changed the rights which had thus accrued.

It is, however, claimed upon the part of the appellant that because in the deed of the lots by the abutting owner to the defendant there was inserted the clause, "and also all the piece now called the ' Bloomingdale Road,' adjoining the above-granted premises to the center line of said road, subject to the uses thereof by the public until closed by public authority," some rights were reserved by the plaintiff because of a supposed recognition of the existence of the Bloomingdale road as a public thoroughfare. This position cannot be maintained, because it is evident that the sole purpose for which this clause was inserted was to convey the soil of that part of what had formerly been the Bloomingdale road, and was still called such, abutting upon the lots which were conveyed, as the descriptive language in the deed of the lots conveyed might perhaps have been claimed to exclude the land in the road from the grant. The fact that it is described as subject to the use thereof by the public, until closed by public authority, rendered this part of the road conveyed subject to no servitude, and indicated nothing except a recognition of present conditions, namely, that the road was so used by the public, whether with or without right, and was apparently intended to prevent the operation of the warranty contained in the deed, if such use rested upon any right or authority. This clause in the conveyance, therefore, was no recognition of any supposed rights, but was a mere conveyance of a portion of the premises included in the deed. There was no intention upon the part of the parties to the deed to in any way restrict the operation of the grant, or to recognize a condition of affairs which in law did not actually exist. For the reasons, therefore, stated in the opinion of the learned justice who tried this case below, the judgment appealed from should be affirmed, with costs.

BARTLETT and DANIELS, JJ., concur.