Van Brunt, P. J.
—The judgment appealed from might be allowed to rest entirely upon the opinion of the learned judge who tried the case at the special term, such opinion being founded upon the cases of Fearing v. Irwin(55 N. Y., 490), and King v. Mayor (102 N. Y., 171; 1 N. Y. State Rep., 401), which cases seem to determine the question adversely to the appellants upon this appeal. The decisions are distinct and unambiguous, and plainly hold that upon the filing of the map, each public thoroughfare not retained on said map, ceased to be a highway, and became, in law, actually closed. The rights of the parties, therefore, became fixed at this time, and the mere fact that the abutting owner failed to occupy the property which had reverted to him, in no way changed the rights which had thus accrued.
It is however claimed upon the part of the appellant, that because in the deed of the lots by the abutting owner to the defendant, there was inserted the clause: “and also all the piece now called the Bloomingdale road, adjoining the above granted premises, to the center line of said road, subject to the uses thereof by the public until closed by public authority, some rights were reserved by the plaintiff because of a supposed recognition of the existence of the Bloomingdale road as a public thoroughfare.
This position cannot be maintained, because it is evident that the sole purpose for which this clause was inserted, was to convey the soil of that part of what had formerly been the Bloomingdale road, and was still called such, abutting upon the lots which were conveyed, as the descriptive language in the deed of the lots conveyed might perhaps have been claimed to exclude the land in the road from the grant. The fact that it is described as subject to the use thereof by the public until closed by public authority, rendered this part of the road conveyed subject to no servitude, and indicated nothing except a recognition of present conditions, namely, that the road was so used by the public, whether with or without right, and was apparently intended to prevent the operation of the warrantee contained in the deed, if such use rested upon any right or authority.
_ This clause in the conveyance, therefore, was no recognition of any supposed rights, but was a mere conveyance of a portion of the premises included in the deed. There was no intention upon the part of the parties to the deed to in *982 any way restrict the operation of the grant or to recognize a condition of affairs which in law did not actually exist.
For the reasons, therefore, stated in the opinion of the learned justice who tried this case below, the judgment appealed from should be affirmed, with costs.
Bartlett and Daniels, JJ., concur.
The following is the special term opinion referred to in the above:
Ingraham, J.
—This action was commenced to recover the award made to unknown owners for the damages sustained by reason of the closing of Bloomingdale road. The plaintiff was the owner of the premises for the damage to which the award was made, from a time prior to the year 1867 down to April, 1869, when he sold the premises to the defendant Carleton; and the question to be determined is, whether this award, allowed under the provisions of section 3 of chapter 697, Laws of 1867, was payable to the person who was the owner of the property at the time the commissioners of the Central Park filed the survey and plans authorized by sections 1 and 2 of the act, or to the owners of property at the time the Bloomingdale road was finally closed and discontinued as a street, and the new streets and avenues provided for by the plan of the commissioners actually opened.
Section 1 of the act gave the commissioners exclusive power to lay out streets and avenues in that portion of the city of New York above Fiftieth street and south of One Hundred and fifty-fifth street and west of Eighth avenue.
Section 2 provides that the commissioners shall cause two maps or plans to be made showing the street or avenue, etc,, which they shall lay out or retain, and file the same.
Section 2 provides that the maps and plans when made and filed, shall be final and exclusive, as well as in respect to the mayor, etc., as in respect of owners and occupiers of lands, etc., wdthin the boundaries aforesaid; and that all the streets, avenues, roads, etc., theretofore laid out and established within the districts mentioned, which shall not be shown or retained on the maps to be filed, shall, and from and after the time of filing the said maps cease to be or remain public streets, avenues, roads, etc.
The section then provides that all damages to any land or any building thereon existing at the time of the passage of the act, or any street, avenue or road laid put on the map of the city of New York by reason of *983 the closing of such street shall be ascertained and paid as therein directed.
• By section 4 of the act it is provided that whenever the commissioners shall deem that public interest require it, they may file in the office designated, maps and plans for such street, avenue, etc., as they may from time to time lay out and establish, and all the provisions of the act should be applicable to the same when so filed.
Under the provisions of this act the commissioners of the Central Park, on the 7th day of March, 1868, made and filed maps showing the streets laid out and retained between Fifty-ninth street and One Hundred and Fifty-fifth street. On that map no part of the Bloomingdale road north of Fifty-ninth street and south of One Hundred and Fifty-fifth street is shown as retained as a public street.
The provisions of this act have twice been construed by the court of appeals. In Fearing v. Irwin (55 N. Y., 490), in an action for specific performance, it was held that the legislature had power to pass an act for closing streets in the city of New York and the act of 1867 and the proceedings of the' commissioners under it, had effectually closed the Bloomingdale road, and that the damages that were sustained by reason of that closing were the damages that were to be ascertained and paid to the owner of the abutting property.
In King v. The Mayor, etc. (102 N. Y., 171; 1 N. Y. State Rep., 401) the action was to recover an award made under § 3 of the act, and in that case the court of appeals held that Bloomingdale road ceased to be a public highway in March, 1868, when the plaintiff was the owner of the premises injured by the closing, and who, under the provisions of the statute, became entitled to all damages which might be •awarded for the injury done. The right to these damages at once accrued, and although they were not fixed and ascertained until after the conveyance by King to Brenan, that fact did not alter the character of the right as a personal one vested in the plaintiff at the closing of the road.
The court further hold that when the deed was made to Brenan, he knew, or was bound to know, that the public highway no longer existed, and must be presumed to have fixed his price in view of that fact.
The defendant, however, claims that this case does not apply, because it did not appear in that case as a fact that a strip of land before called Bloomingdale road was actually used by the public for years after the filing of the map by the commissioners. I think, however, that fact is immaterial. On the fifing of the map by the park commissioners, the highway then in use and known as Blooming *984 dale" road ceased to be a public road, and the title to the land vested in or reverted to the abutting owners. The damages that were to be ascertained and paid under the provisions of section 3 of the act were the damages that were sustained in consequence of that road ceasing to be a. public road.
The moment it ceased to be a public road, the abutting, property ceased to be property abutting on the public road.
The obliteration of the public character of the road was. the cause of the damage, and the mere fact that the parties, who owned the road permitted the plaintiff or his grantees to use their property, did not postpone the vesting of the right to claim the damage under the third section of the act. The damage to the property abutting on Bloomingdale road was caused not by the building and fencing across the road, but was caused by taking away from the abutting property the right to use Bloomingdale road as a public street, and that right was taken away when the Bloomingdale road ceased to be a street by operation of law. The road ceased to be a street not by filing a map, but by provision of law. The filing of the map simply fixed the date at-which the public character of the street ceased.
I think, therefore, that the fact that the Bloomingdale road continued to be used after it was legally closed under the provisions of the statute to be immaterial; that the-road was closed within the meaning of the act on the filing of the commissioners’ map on March 7, 1863, and that the owner of the property at that time was entitled to the damages awarded.
Plaintiff is, therefore, entitled to judgment, with.. costs.