### In re PIERCE.

*(Supreme Court, Special Term, New York County. December, 1889.)*

VENDOR AND VENDEE—RIGHTS OF VENDEE—DAMAGES FOR OPENING STREET.

Where a deed of land, executed two years after the report of the commissioners awarding damages for opening a street through the same was confirmed, recites that it excepted "from said premises so much thereof as has been taken for the opening of Girard avenue," but did not refer to the award which had been made for the part taken, the vendee is not entitled to the damages awarded.

At chambers. Petition by Madeline Pierce for an order that the comptroller of the city of New York be directed to pay to her damages awarded by the board of commissioners of estimate and assessments for injuries caused by opening Girard avenue to property conveyed to her after the report of the commissioners had been confirmed.

*G. A. Moses*, for petitioner.   *Varnum & Harrison*, for respondent Harrison.

LAWRENCE, J.   It was held in *King* v. *City of New York*, 102 N. Y. 171, 6 N. E. Rep. 395, that where, under a statute closing a highway, damages were directed to be awarded and paid to the owners of premises injured by the closing, the right to such damages was personal, and belonged to one who was the owner at the time of the closing, although before the award he had conveyed his title; and in that case it was also held, the owner having conveyed the premises after the statutory closing of the highway bounding the lands conveyed by the highway, that the deed did not convey an easement in the highway which entitled the grantee to the damages subsequently awarded, and that the latter was chargeable with knowledge that the highway no longer existed, and was to be presumed to have purchased in view of that fact. The principles established by that case seem to me to be decisive of this motion. The report of the commissioners of estimates and assessment in the matter of Girard avenue was confirmed on the 23d of January, 1888. The deed to the petitioner from Mr. Harrison, who at the time was the owner of the premises for which the award now claimed was granted, was executed on the 26th of September, 1889, and recorded October 8, 1889. The description of the premises conveyed contains this clause: "Excepting, however, from said premises, so much thereof as has been taken for the opening of Girard avenue." There is no allusion in the deed to the award which had been made for the portion of the premises taken for Girard avenue, and it is clear that the petitioner could not have supposed that she was purchasing either said premises, or the award made for the taking of the same, inasmuch as her deed bears date 22 months after the confirmation of the report of the commissioners of estimate and assessment. If there is anything in the case of *Mayor* v. *Curran*, 3 N. Y. Supp. 533, which is in conflict with these views, I must be controlled in disposing of this motion by the case of *King* v. *Mayor*, above referred to. The prayer of the petitioner must therefore be denied.