Theodore Conkling and Eugene Conkling, Respondents, v. Lizzie H. Zerega, Appellant.

*Damages caused by closing a road belonging to the owner of the fee at that time — construction of a contract to sell.*

In the absence of an agreement to the contrary, the damages caused by closing a road belong to the owner of the fee of the land at the date when the road was closed.

On March 3, 1868, a part of the Bloomingdale road was closed by the board of commissioners of Central Park, adjacent to which was a plot of ground known as block 1267. About the same time part of this block was taken for the purpose of opening One Hundred and Tenth street. On May 10, 1871, block 1267 was owned by Thomas W. Conkling, Elizabeth P. Conkling and Lizzie H. Zerega, as tenants in common, each owning an undivided third interest therein.

On April 17, 1873, such owners entered into a contract with a firm of attorneys, by which such firm was to prosecute their claims for damages for one-third of the amount which might be collected. On September 3, 1873, an award of $3,264 was made against the city in favor of such owners for the land taken for the opening of One Hundred and Tenth street. On January 10, 1874, Elizabeth P. Conkling contracted to sell, on the twentieth of the same month, her interest in such premises to Lizzie H. Zerega, by an instrument which contained a provision that in case any awards were made by the city for taking away any portion of said property, Zerega would refund to Elizabeth P. Conkling one-third of the amount which should be paid for damages therefor, less one-third of the expenses of obtaining such award, it being understood that Elizabeth P. Conkling was not to receive any portion of awards thereafter made. On February 1, 1874, the award of September third was paid and divided between Elizabeth P. Conkling, Thomas W. Conkling and Lizzie H. Zerega. On November 11, 1876, Thomas W. Conkling and Lizzie H. Zerega, the owners of the fee of such property, filed a petition for the assessment of the damages caused to their property by the closing of the Bloomingdale road. In Decem-

ber, 1880, the damages were assessed, and on April 27, 1883, Zerega received $2,074.64, two-thirds of the net amount realized from the award.

Elizabeth P. Conkling assigned to. the plaintiffs all her claims against Zerega, and an action was brought to recover one-half the amount received by her for the closing of the Bloomingdale road, upon the theory that, under the contract, she became liable to pay Elizabeth P. Conkling one-third of the damages awarded. The trial court directed a judgment for the plaintiffs.

*Held*, that Zerega, the defendant, having paid the one-third part of the award made before the execution of the contract, such payment terminated her liability under it;

That had it been shown that the plaintiffs' assignor owned the fee of the property at the date the road was closed, or that she had received an assignment of the interest in the damages from the owner of the fee, the plaintiffs would not have been entitled to recover, because no such cause of action was alleged in the complaint, and, under the evidence, the Statute of Limitations had run against a recovery on that ground.

APPEAL by the defendant, Lizzie H. Zerega, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the city and county of New York on the 27th day of December, 1892, upon the verdict of a jury rendered at the New York Circuit, and also from an order made at the New York Circuit and entered in said clerk's office on the 23d day of December, 1892, denying the defendant's motion for a new trial upon the minutes.

March 3, 1868, a part of the Bloomingdale road was closed by the board of commissioners of Central Park, pursuant to chapter 697 of the Laws of 1867. Adjacent to this road is a plot of ground known in this litigation as block No. 1267. At about the same time, the date not appearing, part of the block was taken for the purpose of opening One Hundred and Tenth street. The record does not definitely show who owned the fee of this block at the time the city closed Bloomingdale road and opened One Hundred and Tenth street. It is alleged in the complaint that for a number of years prior to May 10, 1871, Elizabeth M. Conkling owned the property, which allegation is not denied in the answer; but it is also alleged in the complaint, and not denied, that May 15, 1868, Elizabeth M. Conkling, Elizabeth P. Conkling, Jonas E. Conkling, Luella S. Conkling, Thomas W. Conkling and Lizzie H. Zerega mortgaged the property to William B. Astor. It is alleged and admitted that on May 10, 1871, Elizabeth M. Conkling, being seized

of the fee, conveyed the premises to Thomas W. Conkling, Elizabeth P. Conkling and Lizzie H. Zerega, who became the owners thereof as tenants in common, each owning an undivided third interest. · On the 17th of April, 1873, said tenants in common entered into a contract with a firm of attorneys by which they were to prosecute the claims of the owners for damages for one-third of the amount which might be collected. On the 3d of September, 1873, an award of $3,264 was made against the city and in favor of Thomas W. Conkling, Elizabeth P. Conkling and Lizzie H. Zerega for the land taken for opening One Hundred and Tenth street.

On the 10th of January, 1874, Elizabeth P. Conkling contracted to sell and to convey on the twentieth of the same month her third interest in the land to Lizzie H. Zerega by an instrument which contained the following provision : "And the said party of the second part hereby agrees that in case * * * any awards are made by the city for taking away any portion of said property, then in such an event said party of the second part will refund to the party of the first part * * * one-third amount which shall be paid by the city as an award for damages to said premises * * * less one-third of the expense of * * * obtaining such award, it being understood, however, that the party of the first part is not to receive any portion of awards hereafter made."

February 1, 1874, the award of September third was paid to and divided between Elizabeth P. Conkling, Thomas W. Conkling and Mrs. Zerega.

On the 11th of November, 1876, Thomas W. Conkling and Lizzie H. Zerega (who were then the owners of the fee of the property) filed a petition with the board of assessors of the city of New York for the assessment of the damages caused to their property by closing the Bloomingdale road. In December, 1880, the damages were assessed, and on the 27th of April, 1883, they were paid to the petitioners, Mrs. Zerega receiving $2,074.64, two-thirds of the net amount realized from the award. Before this action was begun, Elizabeth P. Conkling had assigned all of her claims against the defendant to the plaintiffs, who brought this action to recover one-half of the amount received by Mrs. Zerega for closing Bloomingdale road, upon the theory that, under the contract, she became liable to pay Mrs. Conkling one-third of the damages awarded.

*H. G. Atwater*, for the appellant.

*Abraham Gruber*, for the respondents.

FOLLETT, J. :

The cause of action alleged in the complaint and sought to be established on the trial is that the defendant, by the clause quoted from the contract of January 10, 1874, became liable to pay to the plaintiffs' assignor one-third of the damages awarded for closing Bloomingdale road. No other ground for the recovery of the sum for which the verdict was directed is stated in the complaint, nor was there any evidence given on the trial which tends to support, upon any other theory, the judgment. The sole question is, did the defendant become liable, under the clause quoted from the contract, to pay over any part of the damages awarded on account of the Bloomingdale road ? The language is not ambiguous, and it is provided in clear terms that the defendant should pay to the plaintiffs' assignor one-third of all sums which had been awarded, and in the concluding part of the clause it is expressly provided " that the party of the first part (plaintiffs' assignor) is not to receive any portion of awards hereafter made." By this language, the defendant became liable to pay over one-third of all awards then made, but she did not become liable to pay over any part of awards thereafter made. The defendant paid the third part of the award made before the execution of the contract which terminated her liability under it.

In the absence of an agreement to the contrary, the damages caused by closing the road belonged to the owner of the fee of the land at the date when the road was closed, which was March 3, 1868. (*King* v. *The Mayor*, 102 N. Y. 171.)

Who owned the fee at this date does not appear, but had it been shown that the plaintiffs' assignor then owned one-third of it, or that she had received an assignment of an interest in the damages from the owner of the fee, the plaintiffs would not have been entitled to recover, because no such cause of action is alleged in the complaint, and for the further reason that, under the evidence contained in the record, the Statute of Limitations had run against a recovery on that ground.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide event.