CITY OF CORNING, Respondent, *v.* JAMES VINCENZO STIRPE and JENNIE STIRPE, His Wife, Respondents, Impleaded with FELEMENA STIRPE, Individually and as Administratrix, etc., of LOUIS STIRPE, Deceased, and Others, Appellants, Relative to Acquiring Easement of Ingress and Egress in Front of Lot No. 35 in Block No. 84 on the North Side of West Market Street, in the City of Corning, Steuben County, New York.

Fourth Department, May 7, 1941.

*Charles H. Githler,* for the appellants.

*Clarence H. Brisco,* for the plaintiff-respondent.

*Claude V. Stowell,* for the defendants-respondents.

HARRIS, J. The object of this proceeding now under review is to determine the ownership of the proceeds of the money award made for the taking of certain easements of egress and ingress appurtenant to real property during the reconstructing of a railroad grade crossing. The real estate is located in the city of Corning, and at the time of the interference with the rights of ingress and egress was held in title by joint tenancy of two brothers, James Vincenzo Stirpe and Louis Stirpe. No proceedings in condemnation were begun by the public authorities. The work

which interfered with egress and ingress was completed on December 11, 1934. On or about March 26, 1935, the two brothers filed with the Public Service Commission, the city of Corning and the New York Central Railroad Company a claim for damages. (Railroad Law, § 94, subd. 10.) Louis Stirpe died September 7, 1936, leaving him surviving his widow, Felemena Stirpe, and his children, Joseph Stirpe, Dominic Stirpe, Louis Stirpe, Jr., Francis Stirpe, Marie Stirpe and Jeanette Stirpe. Outside of the taking of the easements and the filing of the claim, there was neither any change of title to the real property held by joint tenancy, nor any further proceedings to secure an award for such easements, prior to the death of Louis Stirpe. On July 28, 1938, the county judge of the county of Steuben appointed commissioners to ascertain the compensation to be made to James Vincenzo Stirpe and/or the survivors of Louis Stirpe for the rights and easements above mentioned. The commissioners named held hearings and made an award of damages to the extent of $2,400 and interest from August 15, 1933. The award was confirmed by the order of such County Court September 9, 1939. That order directed that the award be divided as follows: (a) The use of one-half of the award from August 15, 1933, to September 7, 1936 (the date of the death of Louis Stirpe), to the estate of Louis Stirpe, deceased; and (b) the entire remainder of the award and the use of the same to James Stirpe.

At Special Term the court held that the title to the property in question and the rights and easements therein had not passed at the death of the said Louis Stirpe. The facts hereinbefore recited are set forth in the record as being stipulated by the parties to this proceeding.

The legal effect of the joint tenancy of the property in question was that, if title were not changed within the lifetime of the deceased tenant, Louis Stirpe, the title to the real property would pass by reason of survivorship to his joint tenant, James Vincenzo Stirpe. So, in deciding the question as to the ownership of the proceeds of the award, it is necessary to decide whether title had been disturbed before the death of Louis Stirpe to an extent that in some way interfered with the right of survivorship of the joint tenant.

It must be held that the claim for damages for the destruction of easements accrued and was collectible as of the date of the interference with the easements, to wit, August 15, 1933. (*King* v. *Mayor, etc., of New York*, 102 N. Y. 171; *Utter* v. *Richmond*, 112 id. 610.) It is now held that on August 15, 1933, the claimants James Vincenzo Stirpe and Louis Stirpe were owed by the city of Corning the sum of $2,400 (the amount of the award). Was this

debt the joint property of the two brothers James Vincenzo Stirpe and Louis Stirpe, or were separate halves thereof the individual property of the individual brothers? There is no proof in the record that at any time the two brothers, who were the joint tenants of the real property, made a division of this amount of damages or intended that it should be divided between themselves. There may be a joint tenancy in personal property or in a chose of action (*Kelly* v. *Beers*, 194 N. Y. 49; *Matter of Kaupper*, 141 App. Div. 54; affd., 201 N. Y. 534), and although title to the easements passed on August 15, 1933, and the real property then became divested of such easements, it does not follow that the proceeds of such easements became divided into separate sums belonging to the brothers as individuals. The right to make a claim for destruction of the easements and the subsequent award on the death of Louis Stirpe passed to his joint tenant, James Vincenzo Stirpe. This being so, there passed at the same time the right to the use of the moneys which accrued during the joint lives of the joint tenants. However, there is no appeal by the respondents from that portion of the order which allowed to the appellants part of the use of the proceeds.

The order below should be affirmed, without costs.

All concur, except CROSBY, P. J., and DOWLING, J., who dissent and vote for reversal of the order and denial of the motion. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order affirmed, without costs.