LOVINA J. ACKERMAN, Claimant, *v.* STATE OF NEW YORK,
Defendant. (Claim No. 30231.)

Court of Claims, March 31, 1951.

*W. Franklin Ness* and *Wortley B. Paul* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Frank M. Noonan* of counsel), for defendant.

RYAN, J. This is a claim based on the appropriation by the State of New York of lands in the town of Grand Island, Erie County. We have already held that John H. W. Staley, the owner of a life estate in the lands, was a proper and necessary party to this proceeding. (199 Misc. 76.) It now appears that Mr. Staley has died. By stipulation filed March 27, 1951, the case has been reopened to admit proof of his death.

Had Mrs. Ackerman and Mr. Staley owned the property as joint tenants, we could now proceed to make our award and direct judgment. In that situation, not only the principal of our award, and the whole thereof, would pass at once to the survivor of the joint tenancy, Mrs. Ackerman, but she would also be entitled to the interest thereon since the date of the appropriation, i. e., '' the right to the use of the moneys which accrued during the joint lives of the joint tenants.'' (*City of Corning* v. *Stirpe,* 262 App. Div. 14, 16.)

However, as owner of the life estate, John H. W. Staley was entitled to the interest accumulating after the date of the appropriation and during his lifetime. The sum which we shall award will become the corpus of a fund which was formerly real estate. Interest thereon will take the place of the rent, profits and income of the real property. (*Matter of Camp,* 126 N. Y. 377.) Hence, it seems obvious that the legal representatives of the decedent, his executor or administrator, must be interpleaded before this court can proceed to a final determination herein.