## (March 8, 1979)

■ CONSOLIDATED GAS SUPPLY CORPORATION, Appellant, v DESMOND F. REILLY et al., Respondents.—Appeal from an order of the County Court of Albany County, entered July 5, 1977, which denied a motion to amend the order and judgment of condemnation entered therein on August 29, 1969. On or about April 29, 1969, the plaintiff, Consolidated Gas Supply Corporation, commenced this proceeding pursuant to section 13 of the Condemnation Law to acquire an easement 60 feet wide and 3,147 feet long, running westerly from New Scotland Avenue across a 117-acre farm owned by the defendants in the Town of Bethlehem for the purpose of constructing and maintaining a natural gas pipeline. A judgment of condemnation and an order of immediate possession, which were entered in the Albany County Clerk's office on August 29, 1969, granted immediate possession of the easement to plaintiff upon depositing with the court the sum of $35,000 to the credit of the proceeding. The order and judgment, in addition to appointing three commissioners to ascertain the amount of compensation to be paid to defendants, provided as follows: "In addition to all of the rights and privileges which are reserved to the owner of said land or others

interested, the following rights are reserved to them; the owner of said lands and others interested shall have the full use and enjoyment of the surface of said land for agricultural and other purposes after said pipeline is laid and used as herein alleged to the same extent as before, but subject to the beneficial use and enjoyment by plaintiff of the right-of-way as aforesaid and the plaintiff shall not have the right to fence the whole or any part of said right-of-way and easement." The order and judgment also granted to the plaintiff Gas Company, "the right from time to time to cut all trees, undergrowth and remove any and all obstructions which may injure, endanger or interfere with the construction, maintenance and repair of said pipeline." Three hearings were held before the Commissioners of Appraisal. On the third hearing, held on February 2, 1972, defendant's appraisal expert testified that, as the result of the condemnation, the 45 acres of the parcel lying north of the easement would be landlocked except for a 25-foot right of way about 1,250 feet long running from New Scotland Avenue parallel to the easement. He also expressed an opinion that, under the terms of the easement, access roads could not be built across the easement and, further, that even if roads could be built across the easement, the land would not be saleable because of the risk that the roads might be torn up by plaintiff for repair purposes, and that plaintiff would not be obligated to replace the roads. Plaintiff's expert had previously testified that the highest and best use of the property was residential, with some potential for commercial use, although it was not commercially zoned. Counsel for defendants asserted that, assuming a paved road could be constructed, water and sewer lines necessary for development could not. The hearings were adjourned without date, and plaintiff applied to the County Court for an order amending the 1969 order and judgment. The proposed amendment would specifically reserve to the owners the right to construct roads across the 60-foot wide easement providing the roads do not interfere with the use of the natural gas pipeline and, as to the first three of such roads, plaintiff agreed to encase the pipeline in steel casings at the discretion of the owners. The County Court denied the motion stating that it had no jurisdiction to modify the order of condemnation citing *Wolfe v State of New York* (22 NY2d 292). Plaintiff contends that the County Court had jurisdiction to amend the order and judgment of condemnation, and should have granted its motion. In this regard, plaintiff asserts that, if the description in the judgment of the right condemned or of the right reserved is inadequate so as to be ambiguous, such ambiguity would be a mistake, omission or defect as to which the court has jurisdiction to make corrections upon such terms as may be just pursuant to CPLR 2001. Plaintiff further contends that since the court has jurisdiction to permit a total abandonment under section 18 of the Condemnation Law, it has the jurisdiction to permit a partial abandonment upon such terms as it may deem just and, if the proposed amendment is not an attempt to reconvey a right condemned, the court ought to have granted plaintiff's motion. There exists here no mistake, error, omission or irregularity in the judgment sought to be modified. The mistake, error or omission sought to be corrected, if any, is contained in the description in plaintiff's petition. However, the petition is required by section 4 of the Condemnation Law to contain a "specific description of the property to be condemned". "There must be no uncertainty in the description of the property to be taken, nor in the degree of interest to be acquired" *(Matter of Water Comrs. of Amsterdam, 96 NY 351, 361)*. Here, the description of the property and the degree of interest to be acquired is clearly specified. The rights reserved to the defendants are also clearly specified, "the full use and

enjoyment of the surface of said land for agricultural and other purposes * * * to the same extent as before." The language is clear and unambiguous. The County Court properly concluded that there was no basis pursuant to CPLR 2001 to permit the amendment of the order and judgment. Plaintiff's contention that its proposed modification is, in effect, a partial abandonment, does not appear to have been raised in the County Court. In any event, an application for abandonment under section 18 of the Condemnation Law, is in the discretion of the court, and must be upon good cause shown. Further, the purpose of section 18 is to permit the condemnor to proceed with the project or not, in its discretion, after ascertaining the cost thereof *(Matter of Municipal Housing Auth. of City of Schenectady [Levine], 284 App Div 162)*. Here, there is no question that the condemnor intends to continue the project, the pipeline is already installed. The sole purpose of this proposed modification is to mitigate the consequential damages to the defendants by returning rights in the property to the condemnees. "Once the land is actually taken, the owner cannot be compelled to take it back" *(Kahlen v State of New York,* 223 NY 383). The condemnor may not change the terms of the taking or modify its original taking by some procedural device so as to mitigate the consequences to the owner and reduce the compensable damages to be paid *(Wolfe v State of New York,* 22 NY2d 292, *supra)*. The proposed modification is thus, in effect, an impermissible attempt to reconvey rights in the condemned parcel to the defendants. The order of the County Court must, therefore, be affirmed. Order affirmed, with costs to defendants. Mahoney, P. J., Greenblott, Staley, Jr. Mikoll and Herlihy, JJ., concur.