■ NIAGARA MOHAWK POWER CORPORATION, Plaintiff, v MARY JESIONOWSKI, as Executrix of WALTER JESIONOWSKI, Deceased, et al., Respondents, and HENRY R. JESIONOWSKI, Appellant. — Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered August 17, 1981 in Albany County, which, in a condemnation proceeding, granted a motion by the estate of Walter Jesionowski directing that any money determined to be payable as compensation be distributed in proportionate shares among the three defendants. In October, 1970, plaintiff Niagara Mohawk Power Corporation brought a proceeding pursuant to section 24 of the Condemnation Law\* for an order awarding it temporary possession of certain property to enable it to construct an electric substation. By deed dated October 27, 1958, Walter, Thaddeus F., Casimer and Henry Jesionowski became owners of the subject property located on Grand Street in Albany, New York, as "joint tenants with rights of survivorship". Thereafter, but before 1970, Casimer Jesionowski died and his interest passed to the three surviving joint tenants. By order and judgment

---

\* The Condemnation Law was replaced by the Eminent Domain Procedure Law in 1977 (L 1977, ch 839). However, EDPL 706 allows any action pending when the EDPL took effect to be prosecuted as if the EDPL had not been enacted.

dated October 20, 1970, Special Term granted the petition, awarding temporary possession to plaintiff upon deposit of $9,200 with the court and appointing commissioners to ascertain the compensation to be paid to the owners of the property. On February 5, 1980, Walter Jesionowski died. His widow and executrix, Mary Jesionowski, subsequently commenced a proceeding pursuant to section 22 of the Condemnation Law for a determination as to the apportionment of future condemnation proceeds. Special Term ruled that one third of the proceeds were to be paid to the estate of Walter. Henry and Thaddeus Jesionowski appealed from the ruling. Subsequent to the appeal Thaddeus died and his appeal was later withdrawn. Mary Jesionowski, as executrix of the estate of Walter, was substituted for Walter on this appeal. There must be a reversal and an order entered directing that the proceeds of the condemnation be paid to the surviving joint tenant. Special Term, in determining that the proceeds of the condemnation were to be shared equally among the surviving joint tenants and the estate of the joint tenant who died subsequent to the 1970 grant of temporary possession, erroneously found that the award of possession to plaintiff in 1970 destroyed the joint tenants' "unity of possession". The four unities, as well as the right of survivorship, result from the legal fiction that joint tenants are a single legal entity (see 2 American Law of Property, §§ 6.1, 6.2, pp 4-11). Generally, a joint tenancy is not terminated when all the joint tenants lease the jointly held property to another party (see 20 Am Jur 2d, Cotenancy and Joint Ownership, § 17, p 111; Ann., 64 ALR2d 918, 932). Thus, in the instant situation the temporary award of possession of the property to plaintiff, a third person, should not, of itself, terminate the joint tenancy, as the interest of the joint tenants remained intact (see *City of Corning v Stirpe,* 262 App Div 14, affd 293 NY 808). The order of temporary possession by itself may not serve to vest title in the condemnor since ordinarily title vests in the condemnor only upon a final order of confirmation of the commissioner's report and payment of the compensation (*Matter of City of Syracuse,* 224 NY 201). However, in the instant case, plaintiff did more than merely take possession of the property. It also tore down the original building and built its own structure on the property. This permanent change in the property constituted a *de facto* appropriation, constructively passing title to the condemnor plaintiff. The taking of the property was then complete. The condemnor could no longer abandon the property and return it to the condemnee (see *Consolidated Gas Supply Corp. v Reilly,* 68 AD2d 953; *New York State Elec. & Gas Corp. v Meredith,* 63 Misc 2d 819). Nevertheless, although title to the property vested in the condemnor, the joint tenancy survived and the proceeds of the condemnation are subject to that joint tenancy unless a contrary intention has been shown. An award on condemnation, even though personal property, takes the place of the land and is a substitute for it in respect to all interests dependent upon and incident thereto (19 NY Jur, Eminent Domain, § 76, p 280). Here, none of the joint tenants evinced an intent to terminate or alter the nature of their ownership of the property while living and we perceive of no valid reason to now alter it although the property is now personalty rather than realty (see *City of Corning v Stirpe, supra*). Accordingly, the condemnation proceeds should be distributed to the surviving joint tenant. Order reversed, on the law, without costs, and order directed to be entered providing that the proceeds of the condemnation be paid to defendant Henry Jesionowski, the surviving joint tenant. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.