■ In the Matter of RONALD PICKERELL et al., Respondents, v TOWN OF HUNTINGTON, Appellant. [650 NYS2d 17] —In a proceeding to recover damages under the Eminent Domain Procedure Law for the de facto taking of a parcel of real property, the Town of Huntington appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated November 2, 1995, which, *inter alia*, denied its motion for summary judgment and for leave to resettle a vesting order dated April 23, 1992, and granted the claimants' cross motion for partial summary judgment on the issue of liability, to dismiss its first affirmative defense, and to set the matter down for a trial on the question of damages.

Ordered that the order is affirmed, with costs.

The claimants were the owners of a 4.449 acre underwater parcel in Titus Mill Pond, a tidal inlet of approximately 38 acres that is adjacent to Centerport Harbor. The issue raised herein is whether the parcel was condemned in a vesting order obtained by the Town of Huntington (hereinafter the Town), with respect to underwater land located in Titus Mill Pond.

It is undisputed that the metes and bounds description appearing in the vesting order encompasses the claimants' property. However, the vesting order alternatively refers to two tax lot numbers on the Suffolk County Tax Map, neither of which

is the current tax lot number of the claimants' parcel. We note that one of the tax lot numbers in the vesting order is the number used on the deed whereby the claimants acquired their parcel in 1990. It was only after the claimants informed the Town that there was an error as to the tax lot number, shortly after they acquired their property, that a separate tax lot number was issued for their parcel.

The condemnor Town argues that, because of the omission of the claimants' tax lot number from the vesting order, it never acquired the claimants' property. Rather, the Town argues, it only acquired an adjacent, larger tract of underwater land which bears the tax lot numbers specified in the vesting order. It is undisputed that this latter tract is also encompassed by the metes and bounds description in the order.

We disagree with the Town's contention. Upon reviewing the pleadings and papers in the underlying condemnation proceeding, we conclude that, at all relevant times, the Town intended to condemn the claimants' parcel (*see, Amsterdam Urban Renewal Agency v Johnson,* 60 AD2d 661; *see also, Wolfe v State of New York,* 22 NY2d 292; *Matter of Ossining Urban Renewal Agency v Lord,* 39 NY2d 628, 631; *Consolidated Gas Supply Corp. v Reilly,* 68 AD2d 953). The petition that commenced the condemnation proceeding, as well as the various resolutions passed by the Town Board in connection with the condemnation, indicate that the claimants' parcel was included in the Town's acquisition of Titus Mill Pond (*see, Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 490). Moreover, in prior litigation involving the condemnation of Titus Mill Pond, the Town took the position that its intention was to condemn Titus Mill Pond in its entirety (*see, Centerport Bird Sanctuary v Town of Huntington,* 125 AD2d 521; *see also,* EDPL 201; *Prudential Home Mtge. Co. v Neildan Constr. Corp.,* 209 AD2d 394, 395).

Under these circumstances, the omission of the claimants' tax lot number did not create any uncertainty as to the identity of the property that the Town had appropriated through its utilization of a metes and bounds description (*see,* EDPL 402 [B] [1]; *cf., Town of Webb v Sisters Realty N. Corp.,* 168 AD2d 896, 897). The Supreme Court properly denied the Town's motion for summary judgment and leave to resettle the vesting order and properly granted the claimants' cross motion for partial summary judgment, *inter alia,* setting the matter down for a trial on the question of damages.

The Town's remaining contentions are without merit. Mangano, P. J., Bracken, Thompson and McGinity, JJ., concur.