■ VILLAGE OF TARRYTOWN, Respondent, v WOODLAND LAKE ESTATES, INC., Appellant. (Action No. 1.) SPA HOLDING CORPORATION, Plaintiff, v VILLAGE OF TARRYTOWN et al., Defendants. (Action No. 2.) [663 NYS2d 50] —In consolidated actions, *inter alia,* to determine just compensation for property taken by eminent domain by the Village of Tarrytown, Woodland Lake Estates, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Altman, J.H.O.), dated February 29, 1996, as denied its cross motion, *inter alia,* for a hearing and for an award of attorney's fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

At the conclusion of a valuation hearing, the defendant Woodland Lake Estates, Inc. (hereinafter "Woodland"), cross moved for a hearing, *inter alia,* to determine the amount of attorney's fees, and to have those fees included as part of its award, in reliance on EDPL 702 (C).

EDPL 702 (C) provides that, in the event a court determines that the condemnor did in fact take property after denying that there had been a taking and making no effort to settle the claim, the condemnor shall be obligated to reimburse the condemnee for actual and necessary costs, disbursements, and expenses, including reasonable attorney fees, incurred in establishing the de facto taking.

While this statute appears to support Woodland's claims, EDPL 706, which became effective in 1978 (*see,* EDPL 709; L 1977, ch 839, § 1), further provides that "[n]o action or proceeding pending at the time when this chapter takes effect, shall be affected by any provision of this chapter". Woodland contends that it is nevertheless entitled to relief as the valuation hearing here was separate and distinct from the earlier action it commenced in 1972 to adjudicate its rights to the same property which was the subject of the valuation hearing. We disagree.

The record clearly established that the action commenced in 1972 involved the same cause of action and the same parties, and is part of the instant action. It also bears the same Westchester County Clerk's index number as the instant action. Accordingly, the relief Woodland seeks is not mandated by the statute and the instant action "may be prosecuted as if this chapter had not been enacted" (EDPL 706).

In light of the discretion granted in the EDPL to allow any action pending when the EDPL took effect to be prosecuted as if the EDPL had not been enacted (see, Niagara Mohawk Power Corp. v Jesionowski, 94 AD2d 815, 816, affd 61 NY2d 935) and inasmuch as Woodland has not shown any improvident exercise of this discretion in the denial of its motion for attorney's fees, but argues only that the award is mandatory, the order is affirmed. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.