■ ALLAN HEMMINGS, Respondent, v ST. MARKS HOUSING ASSOC., PHASE II L.P., Defendant and Third-Party Plaintiff-Respondent, BLAKEL CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. L.C. DRYWALL CORP., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. (And a Second Third-Party Action.) [707 NYS2d 667] —In an action to recover damages for personal injuries, the defendant third-party defendant third third-party plaintiff Blakel Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated March 30, 1999, as (1) granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action under Labor Law § 240 (1), (2) granted that branch of the cross motion of the defendant third-party plaintiff St. Marks Housing Assoc., Phase II L.P. for summary judgment against it on the issues of

common-law and contractual indemnification, and (3), upon the parties' stipulation, amended the caption of the action to substitute St. Marks Housing Assoc., Phase II L.P. for St. Marks Housing Assoc. L.P., and the third third-party defendant L.C. Drywall Corp. cross-appeals from so much of the same order as granted the plaintiff's cross motion for summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1), and granted the cross motion of the defendant third-party plaintiff St. Marks Housing Assoc., Phase II L.P. for summary judgment against the defendant third-party defendant third third-party plaintiff Blakel Construction Corp. and the third-party defendant Cosa Development on the issues of common-law and contractual indemnification.

Ordered that the appeal from so much of the order as, upon the parties' stipulation, amended the caption of the action is dismissed, without costs or disbursements; and it is further,

Ordered that the cross appeal is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified by deleting the provision thereof granting the plaintiff's cross motion for summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1), and substituting therefor a provision denying the plaintiff's cross motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

In January 1991 the plaintiff was hired by a subcontractor to assist in demolishing the interior of a building owned by the defendant St. Marks Housing Assoc., Phase II L.P. (hereinafter St. Marks). On the afternoon of February 11, 1991, the plaintiff and his co-workers were removing wood beams from the building when the plaintiff lost consciousness. The plaintiff claims that after he regained consciousness, his co-workers told him that he had been struck by a beam which had fallen from one or two stories above him. The plaintiff subsequently commenced this action against, among others, the property owner St. Marks, and the project's general contractor, Blakel Construction Corp. (hereinafter Blakel), to recover damages for negligence and alleged Labor Law violations.

On appeal, Blakel contends that the Supreme Court erred in awarding the plaintiff summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1). We agree. In support of his cross motion for summary judgment, the plaintiff relied upon his deposition testimony, which indicates that he was knocked unconscious and that his co-workers subsequently advised him that he had been struck in the head by a falling beam. None of these alleged witnesses to

the accident was deposed, and the plaintiff did not submit affidavits from these witnesses to corroborate how the accident occurred. Under these circumstances, the plaintiff has not established as a matter of law the manner in which the accident occurred to warrant an award of summary judgment in his favor (*see, Jiron v China Buddhist Assn.,* 266 AD2d 347).

Blakel's appeal from so much of the order as amended the caption of the action must be dismissed (*see, Kalra v Kalra,* 170 AD2d 579). The order appealed from recites that the caption was amended "pursuant to the parties' stipulation made before the court". Although Blakel asserts that no such stipulation exists, its remedy is to seek resettlement of that provision of the order (*see, Weiner v Weiner,* 253 AD2d 428; *Matter of Pickerell v Town of Huntington,* 233 AD2d 400).

In its appellate brief, the third third-party defendant L.C. Drywall Corp. (hereinafter L.C. Drywall) has challenged so much of the Supreme Court's order as denied its motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it. However, L.C. Drywall's notice of cross-appeal specified that its appeal was limited to those portions of the order which granted the plaintiff's cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and St. Marks' cross motion for summary judgment against Blakel and the Cosa Development Corp. "An appeal from only part of an order constitutes a waiver of the right to appeal from other parts of that order (*see,* CPLR 5515 [1]; *Christian v Christian,* 55 AD2d 613)" (*Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133; *see, Clark v 345 E. 52nd St. Owners,* 245 AD2d 410; *City of Mount Vernon v Mount Vernon Hous. Auth.,* 235 AD2d 516). Accordingly, the issues raised by L.C. Drywall on appeal are not properly before us. We note that had we reached L.C. Drywall's claim, we would have found that the Supreme Court did not err in denying its motion for summary judgment because there are issues of fact regarding its duties and involvement at the job site at the time of the plaintiff's accident.

The parties' remaining contentions are without merit. Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.