MARY J. UTTER, Appellant, *v.* WILLIAM THOMAS RICHMOND, Impleaded, etc., Respondent.

In an action to determine the party entitled to the damages awarded for injury to a lot fronting on the Bloomingdale road, caused by the closing of said road by the filing of the map of the commissioners of Central Park of New York city, it appeared that the lot was, at that time, owned by one U., but subject to the lien of a mortgage given by him for a part of the purchase-money; he subsequently conveyed to one W., who assumed payment of the mortgage. This was foreclosed, and, on sale, there was a deficiency of $1,300, and, to avoid entry of a personal judgment, U. paid the mortgagee $200 to be released. *Held*, that the amount awarded was properly applied to extinguish the deficiency, so far as it remained unpaid; that the lien of the mortgage extended to and embraced so much of the award as was needed for the purpose of paying the deficiency, and the release from the mortgage to U. was limited to a release from a personal judgment.

When land is taken for public use the damages awarded take the place of the land in respect to all the rights and interest dependent upon and incident to it.

*King* v. *Mayor, etc.* (102 N. Y. 171), distinguished.

(Argued January 30, 1889; decided March 5, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 23, 1887, which affirmed a judgment in favor of defendant, entered upon a decision of the court at Special Term.

This action was brought to determine who was entitled to an award of damages to a lot in the city of New York, caused by the closing of Bloomingdale road. It was originally brought against the city and others. The city caused all the claimants to the award to be brought in and, on a special and further

order of the court, paid the amount of the award over to the city chamberlain.

The facts are sufficiently stated in the opinion.

*E. C. Boardman* for appellant.   The mortgage executed by Dr. Utter to Dr. Peters did not convey or assign to the latter the claim for damages arising from the closing of Broadway. (50 N. Y. Super. Ct. 412; *King* v. *Mayor, etc.*, 102 N. Y. 172.)   The damages awarded for the closing of Bloomingdale road belonged to Francis A. Utter, the plaintiff's assignor, who was the owner at the time of the closing. (*King* v. *Mayor, etc.*, 102 N. Y. 171; *Fearing* v. *Irwin*, 55 id. 486.)

*John A. Beall* for respondent.   The mortgage was of land having a front on and access by the Bloomingdale road, which front and access was an important element of its value; the award was made to compensate for the destruction of that element, and the mortgagee has an equitable lien upon it for the payment of the mortgage debt. (*Bk. of Auburn* v. *Roberts*, 45 Barb. 407; 44 N. Y. 192, 203; *Astor* v. *Hoyt*, 5 Wend. 603; *In re John St.*, 19 id. 661; *In re William St.*, Id. 679; *In re Eleventh Ave.*, 81 N. Y. 436.)   The payment made by Frank A. Utter to the trustee of Mrs. Richmond did not operate to discharge the equitable lien of her estate upon the award. (*Bk. of Auburn* v. *Roberts*, 45 Barb. 407; 44 N. Y. 203; *People* v. *Asten*, 62 id. 623; *Baird* v. *Mayor, etc.*, 96 id. 576; *Crane* v. *Baudouine*, 55 id. 266; *Westerlo* v. *De Witt*, 36 id. 344; *Sherwood* v. *Hunter*, 94 id. 627; *Voorhis* v. *Voorhis*, 39 id. 465; *Keller* v. *Salisbury*, 33 id. 653.)

FINCH, J.   The Bloomingdale road was closed by the filing of the map of the commissioners of the Central Park in 1868. One of the lots fronting on that road, and so damaged by its closing, was at that date owned by Frank A. Utter, who had bought it in 1866, giving to his vendor a bond and mortgage upon the lot to secure a portion of the purchase-money.   The loss and injury sustained by the closing of the road was a diminution of the value of the lot, and affected both the

security of the mortgagee and the interest of the owner; and the damages to be awarded of necessity attached to the respective rights of the parties and stood in the place of the value so abstracted from the land. If, after the closing of the road, the diminished value of the lot should prove to be less than the mortgage debt, the lien of the mortgage would extend to and embrace so much of the damages awarded as should be needed to make good the deficiency. To say the contrary would be to admit that the mortgagor might withdraw from the lien a part of the value which he had subjected to its control. The mortgage was foreclosed in 1877, at which date the land had been conveyed by Utter to one Wagner, who had assumed the payment of the mortgage. The result of the foreclosure was an ascertained deficiency of over $1,300, for which the mortgagee was entitled to enter a personal judgment against Utter. In 1880 the assessment for closing the road was confirmed, and for the injury done to the lot in question damages, to the amount of $1,770, were awarded to the unknown owners. The controversy here is as to the ownership of that award as between mortgagor and mortgagee, for the plaintiff claims the damages through an assignment of the same by Utter, and the defendant as the successor and representative of the original mortgagee.

It is first claimed that the right of the latter was extinguished by a payment of $200, made by Utter to the mortgagee after the foreclosure sale, and the consequent development of a deficiency. The facts connected with that payment indicate that it was made to avoid the entry of a personal judgment against Utter, and the finding of the trial court is to that effect. The mortgagee had a double security for his deficiency, consisting on the one hand of the mortgage lien upon the damages to be awarded, and on the other, of the personal responsibility of the mortgagor. The latter might be released without affecting the former, so long as the unsatisfied portion of the mortgage debt was not itself discharged. The finding is that the payment was in consideration of an agreement not to enter a personal judgment,

and, therefore, confined to a surrender of that particular remedy, and leaving the mortgage debt unaffected so far as it remained unpaid. That finding leaves the debt and the equitable lien for its payment upon the award to be made entirely outside of the new contract, and limits the operation of the latter to the separate remedy of a personal judgment. The equitable lien of the mortgage upon the damages awarded is then denied. But its existence is perfectly well settled. (*Bank of Auburn* v. *Roberts*, 44 N. Y. 192; *In re Eleventh Ave.*, 81 id. 436.) No doctrine could be more clearly just than that, when land is taken for public use, the damages awarded are to take the place of the land in respect to all the rights and interests which were dependent upon and incident to it. No different rule was in any manner held or intimated in *King* v. *Mayor, etc.* (102 N. Y. 172), upon which the appellant relies. There the right to an award had accrued and the land value been diminished before the conveyance was made under which the grantee claimed the damages, and we held that the land, already shorn of its easement, was the subject transferred, and the right to the award did not pass by the deed. Here the land was mortgaged with its access to and frontage upon the road, and the lien created upon the lot included the appurtenant easement, and when that was taken away it was cut off from the lien of the mortgagee as well as from the fee of the mortgagor. The case cited bears no analogy to the one before us.

The judgment rendered was both just and lawful, and should be affirmed, with costs.

All concur.

Judgment affirmed.