WILLIAM MAGEE, Respondent *v.* THE CITY OF BROOKLYN,
Appellant.

PETER DELAP, Respondent, *v.* THE CITY OF BROOKLYN,
Appellant.

Where, for lands taken under the act providing for the widening and
improvement of North Second street, in the city of Brooklyn (Chap.
559, Laws of 1871), an award was made to one who was the owner of
the land at the time the act was passed, but who, before the award was
made, had sold and conveyed the lot, of which the land taken formed a
part, by full covenant deed, purporting to grant "all the estate, right,
title and interest, property, possession, claim and demand" of the
grantor, and no attempt was made by the city to take possession until
eighteen years after the passage of the act, when, through various mesne
conveyances, all substantially similar, plaintiff had become and was the
owner, *held*, that in equity the award represented the portion of the lot
taken, and was transferred by the deeds; and so, that plaintiff was
entitled thereto.

So, also, where a lot, a portion of which was taken under the act, was, at
the time of its passage, covered by a mortgage then duly recorded,
and before any award was made the mortgage was foreclosed and
the whole lot sold, *held*, that the purchaser who held the title at
the time the land taken was actually appropriated was entitled to the
award.

(Submitted December 12, 1894; decided December 21, 1894.)

APPEAL in the first above-entitled action from judgment of
the General Term of the City Court of Brooklyn, entered
upon an order made March 29, 1893, which affirmed a judg-
ment in favor of plaintiff entered upon a decision of the court
on trial at Special Term.

Appeal in the second above-entitled action from judgment
of the General Term of the City Court of Brooklyn, entered
upon an order made March 6, 1893, which affirmed a judg-
ment in favor of plaintiff entered upon a decision of the court
on trial at Special Term.

These actions were brought to recover two awards, made
and confirmed under chapter 559 of the Laws of 1871, on
account of the taking of a portion of two lots on the north

side of North Second street, in the city of Brooklyn, in the widening and improvement of that street.

The facts, so far as material, are stated in the opinion.

*Albert G. McDonald* for appellant. When the report of the commissioners was duly confirmed the awards became in the nature of judgments. (*Donnelly* v. *City of Brooklyn*, 121 N. Y. 9.) The commissioners' report then became and is final and conclusive as to all questions which were or might have been litigated in the proceedings. (*Dolan* v. *Mayor, etc.*, 62 N. Y. 472; *Astor* v. *Mayor, etc.*, Id. 580.) The right to compensation for the taking of the land is a personal right and was not appurtenant to and does not run with the land, and is not conveyed by deed unless in terms described therein. (Laws of 1871, chap. 599; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9; *McCormack* v. *City of Brooklyn*, 108 id. 49; *Genet* v. *City of Brooklyn*, 99 id. 300; *Sage* v. *City of Brooklyn*, 89 id. 189; *Spears* v. *Mayor, etc.*, 87 id. 359; *King* v. *Mayor, etc.*, 102 id. 171; *Porter* v. *M. R. R. Co.*, 120 id. 289; *McFadden* v. *Johnson*, 72 Penn. St. 335; *Losch's Appeal*, 109 id. 72; *S. N. Co.* v. *Decker*, 2 Watts, 343; *Hart* v. *Kucher*, 5 S. & R. 1; *Commonwealth* v. *Shepard*, 3 Penn. 509; *Reese* v. *Adams*, 16 S. & R. 40.) The purchaser at the mortgage sale can have no claim to the award. (*H. Ins. Co.* v. *Smith*, 28 Hun, 296.)

*F. N. O'Brien* for respondent. Plaintiff is entitled to the award made as compensation for that portion of his lot taken by the city under the act referred to, although he was not the owner at the date of the act widening North Second street. (*Bank of Auburn* v. *Robert*, 44 N. Y. 192; *Atler* v. *Richmond*, 112 id. 610; Gerard on Tit. 535, 738; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9.)

*Jackson & Burr* for respondent in Delap case. Prior to the passage of the North Second Street Widening Act, the holder of the mortgage had a property right in the premises

affected by the said act, of which right he could not be
deprived without adequate compensation therefor. The foun-
dation of the claim of said mortgagee and his successors in
interest against the city was one for damages for the value of
his property which had been taken under lawful authority by
the city. (Const. of N. Y. § 6; Laws of 1871, chap. 559, § 2;
*McCormack* v. *City of Brooklyn*, 108 N. Y. 49; *Donnelly*
v. *City of Brooklyn*, 121 id. 9; *Gates* v. *De La Mare*, 142
id. 307.) The plaintiff, having purchased the entire property,
including that strip taken for the widening of the street, under
a foreclosure of a mortgage made prior to the passing of the
act, which mortgage was made by the owner of the strip after-
ward taken, at a time when he was the absolute owner thereof,
the plaintiff succeeded to all the rights and interests of both
the mortgagor and the mortgagee at the time that the mort-
gage was made. He took the same title that he would have
taken under a deed from the mortgagor and mortgagee, bear-
ing the same date as the mortgage which was foreclosed. (2
R. S. 192, § 158; *Rector* v. *Mack*, 93 N. Y. 488; *Batterman*
v. *Albright*, 122 id. 484; *Packer* v. *R. & S. R. R. Co.*, 17
id. 283; *Brainerd* v. *Cooper*, 10 id. 356.) The mere fact
that the award is, in certain respects, to be deemed of the
character of personalty, and that the decision of the commis-
sioners in some respects is of the nature of a judgment, does
not prejudice the claim of the plaintiff, nor is it conclusive as
against him in seeking for the award that the commission-
ers in their report have decided that other persons were
entitled to it. (*Spears* v. *Mayor, etc.*, 87 N. Y. 359.) The
mere fact that the mortgaged property, including therein the
premises taken by the Widening Act, produced upon the sale
in foreclosure an amount sufficient to pay the mortgage, has
no effect upon the plaintiff's position. (*Gates* v. *De La Mare*,
142 N. Y. 307.) Even if the mortgage had been made subse-
quently to the passing of the North Second Street Widening
Act, still, under a chain of conveyances which included in the
description of the premises conveyed the very land taken by
the Widening Act without any reference to any proceedings

taken under that act, we believe such conveyance would operate as an assignment to the purchaser of the award. (*Engelhardt* v. *City of Brooklyn*, 44 N. Y. S. R. 474; *Mayor* v. *Curren*, 15 Daly, 116; *King* v. *Mayor*, etc., 102 N. Y. 171; *Magee* v. *City of Brooklyn*, 51 N. Y. S. R. 433.)

O'BRIEN, J. These cases both arise out of the same statute and involve similar questions. Both were submitted together and they may be conveniently treated as one appeal. The only question involved in either is to whom the awards, which it is conceded that the city is bound to pay, belong and are payable. By chapter 559 of the Laws of 1871, the lands were taken for street purposes, and it is conceded on all sides that the taking was effected by force of the statute itself, which has been upheld against constitutional objections on the ground that a sure and safe method of making compensation was provided. The taking, however, was only constructive as the owners remained in possession, and no attempt was made by the city to actually appropriate it to the purpose intended until about eighteen years after the passage of the act. In the meantime the land was the subject of sale and transfer in various forms, and in many cases the title was changed from one party to another, and now, when the city has finally concluded to take and pay for the land, the question arises with respect to the party to whom the award rightfully belongs. The case has always been considered as *sui generis*, and the rights of the parties determined according to the peculiar facts and circumstances upon equitable principles. (*Donnelly* v. *City of Brooklyn*, 121 N. Y. 9; *McCormack* v. *City of Brooklyn*, 108 id. 49.)

In the first case Magee, the plaintiff, has recovered in the courts below the amount of an award made by the commissioners to one Caroline C. Shwartz on the 9th of November, 1876, who did not then own the land nor the lot from which it was taken, she having conveyed the same a few months before, a fact of which the commissioners may have been ignorant. Charles R. Shultz was the owner of the lot when

the act was passed, but on the 10th day of January, 1874, he conveyed it by metes and bounds to Mrs. Schwartz by a full covenant deed, including in the description the whole lot and, therefore, the land for which the award was made, precisely as if the act had never been passed. On March 20th, 1876, Caroline C. Shwartz conveyed in the same way to Sarah F. Mann, and through several mesne conveyances, all in the same terms, the plaintiff obtained the title on the 2d of July, 1890. The deeds in every case purported to grant " all the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity, of the said party of the first part of, in and to the same, and every part and parcel thereof," and, as already stated, contained full covenants. The party to whom the award was made and her grantees conveyed the land taken and were paid for it, so far as appears, precisely as if the title was not affected by the passage of the act. The city now having taken possession, they must respond to the plaintiff upon their covenants or else he is entitled to the award. In equity the award represents that portion of the land taken, and under the circumstances of the case and the broad and comprehensive language of the deed, it can fairly be said that the parties intended to assign the award. Having conveyed the land with full covenants it must be assumed that they intended to transfer the thing which represented it which was the money awarded as its value. (*Gates* v. *De La Mare*, 142 N. Y. 307.) While the actual appropriation of the property to the public use was delayed for many years, yet the situation after the passage of the act was such that it is reasonable to assume that the grantors in the several deeds expected that it would be actually taken at some future time and paid for, and hence they conveyed intending to vest the grantees with the claim against the city which was substituted for a title which each of them covenanted to protect and defend. This view is re-inforced now by the circumstance that none of them are making any claim to the award, and none of them, so far as appears, have ever made any such claim.

In the other case the plaintiff Delap recovered the award of $1,000 made at the same time and for the same purpose with respect to other land taken in the same way. The facts upon which the judgment rests are somewhat different, though, at least, quite as favorable to the plaintiff. At the time of the passage of the act the McCabes owned the lot from which the parcel which that award represents was taken; but before its passage they mortgaged· the entire premises on the 6th of February, 1871, including, of course, the identical parcel taken. The mortgage was duly recorded, it having been given to secure, to one Samuel Deleplaine the payment of $1,500. Before any award was made this mortgage was foreclosed and judgment entered directing the sale of all the land for the satisfaction of the debt. In March, 1876, it was sold upon this judgment and conveyed to the plaintiff, who took the title that the mortgagor had when the mortgage was executed. Though the plaintiff had only a lien upon the land when it was constructively taken, yet when it was actually taken he had the title which by operation of law related back to the time when the mortgage was given, and hence the city has taken his land and he is entitled to the money which represents it.

Moreover, even if the mortgage had not been foreclosed and title taken under it, such a conveyance is deemed to operate in equity as an assignment of the award when made for the protection of the mortgagee or his assigns. (*Gates* v. *De La Mare, supra.*)

In both cases the judgment of the courts below was right and should be affirmed, with costs.

All concur.

Judgment affirmed.