(59 App. Div. 175.)

In re OPENING OF SEVENTH AVE. IN TOWN OF NEW UTRECHT.

(Supreme Court, Appellate Division, Second Department.   March 8, 1901.)

MUNICIPAL CORPORATIONS—AWARD OF DAMAGES—RIGHT TO AWARD—EFFECT OF CONVEYANCE.

> The state was the owner of land, acquired at a tax sale, at the time of the opening of a street thereon, and an award of damages was made to the state, and was in the possession of the comptroller of the city when the property was sold by the state. The letters patent from the state provided that it granted, released, and quitclaimed all the rights, title, and interest to such land acquired through the tax sale, together with all of the rights, hereditaments, and appurtenances belonging to the same. The price paid by the purchaser was less than one-fourth of the damages awarded. *Held*, that the language of the deed was not sufficient to transfer the right to the award to the grantor, though the description included the land taken.

Appeal from special term, Kings county.

Petition by John P. Cleary, in proceedings to open Seventh avenue, to recover an award made for damages and claimed by the state. From an order in favor of the petitioner, the state appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Clarence W. Francis, for appellant.

James A. Sheehan, for respondent.

SEWELL, J.   The state of New York acquired title to lot No. 4, Dutch Tract, the property described in the petition herein, through a sale for the nonpayment of taxes, and was the owner thereof at the time of the proceeding to open Seventh avenue, in the city of Brooklyn, in the year 1890.   The state continued to own the property, subject to the easement or interest acquired by the city in a portion thereof, until about the 12th day of January, 1900, when it was sold by the land commissioners of the state of New York to one Jane Gilfeather, for the sum of $41, who, three days later, conveyed "all her right, title, and interest in said property" to the respondent.   The letters patent provided that the state thereby "granted, released, and quitclaimed, and by these presents do grant, release, and quitclaim, unto Jane Gilfeather, all the right, title, and interest acquired by us from or through the sale for taxes made by the comptroller of this state in the years 1885 and 1890, in and to the premises described as follows: All that certain piece or parcel of land distinguished as Kings county, New Utrecht, town of Dutch Tract, lot four;   *   *   *   together with all and singular the rights, hereditaments, and appurtenances to the same belonging, or in any wise appertaining;   *   *   *   to have and to hold the above described and quitclaimed premises unto the said Jane Gilfeather, her heirs and assigns, forever;   *   *   *   and these presents shall in no wise operate as a warranty of title."   The sum of $252, less $58 assessed for benefits, was awarded by the commissioners of appraisement and assessment to the state of New York as owner of the said land, and the award was duly confirmed on the 31st day of March, 1891.   The commissioners retained the same until December,

1897, when they delivered it to the comptroller of the city of Brooklyn, "to be paid to the one entitled thereto," and some time thereafter it was transferred to the comptroller of the city of New York, who now holds the same, with the accrued interest thereon. The right of the state to the award, up to the time of the sale of said lot, is not disputed; and the questions therefore are whether the purchaser from the state obtained title to the award by and through the letters patent, and whether she transferred it by her quitclaim deed to the respondent.

It is well settled that an award does not pass upon a sale of land as a part of the estate conveyed or appurtenant to it, and that a deed is not effective to transfer an "award unless it is expressly assigned or described and intended to be conveyed." An award is not land, and is only treated as land in equity when necessary to adjust the rights of the parties. An award is a claim or right personal to the owner of the land. It is personal property that passes at death to the personal representative, and not to the heir. This was expressly held in King v. City of New York, 102 N. Y. 171, 6 N. E. 395, where Judge Finch, speaking of an award, declared it to be a right personal to the owner of the land, and that it did not pass by deed unless expressly described and intended to be transferred. He said:

"It was not in terms embraced in the deed, and was a mere right of action not running with the land. The damages were like those which follow a trespass or wrongful taking of property, although the wrong is made rightful by the legislative authority, and the damages are awarded as compensation. That has been held in cases where a railroad corporation has taken an owner's land, and thereafter, but before actual assessment, the owner conveyed the land. The assessed damages have been awarded to the owner as not passing by the deed."

—And cited Navigation Co. v. Decker, 2 Watts, 343; McFadden v. Johnson, 72 Pa. St. 335.

This doctrine was also asserted in Re City of Rochester, 136 N. Y. 83, 32 N. E. 702, 19 L. R. A. 161, where the question was also in regard to the ownership of an award, and the same judge, said:

"The appellant further contends that title to this fund passed to the respective purchasers upon the foreclosure sales under the two prior mortgages, upon the ground that the fund stood in the place of the land. It was to be so regarded for the purpose of measuring and settling the rights of the parties interested (In re City of Rochester, 110 N. Y. 159, 17 N. E. 740; Utter v. Richmond, 112 N. Y. 610, 20 N. E. 554); but the paramount right of the city withdrew from the lien of the mortgages the water right, and condemned and transferred it to the city free and discharged from the mortgage liens. That occurred before either sale. The balance of the land only could be sold and conveyed on the foreclosure. The referee's deed could convey, and did convey, only that balance. * * * The fund was not sold. It simply remained in the hands of the court for distribution. * * * Neither foreclosure gave title to the fund, nor altered the duty of proper distribution by the court. That fund was the product of a paramount proceeding, which cut off every right in the water, both of owners and incumbrancers, so that there could be neither sale nor foreclosure as to that, and instead there remained an equitable lien upon the proceeds, to be worked out by the court empowered to distribute."

The case of Gates v. De La Mare, 142 N. Y. 307, 37 N. E. 121, cited by the respondent, has no analogy to this. In that case the land

was purchased at a foreclosure sale prior to the confirmation of the report of the commissioners of estimate and assessment. The deed was not delivered until some days later, and the court held that the deed, when executed and delivered, confirmed the sale previously made, and transferred the award to the purchaser.

In Magee v. City of Brooklyn, 144 N. Y. 265, 39 N. E. 87, also cited by the respondent, the doctrine that an award is a personal claim, that it does not attach to the land, and only passes when it is apparent that the owner so intended, is fully recognized. In that case land was taken under an act providing for improving a street in the city of Brooklyn. An award was made to one who was the owner of the land at the time the act was passed, and who, before the award was made, had sold and conveyed the lot of which the land taken formed a part by full covenant deed, purporting to grant "all the estate, right, title, and interest, property, possession, claim, and demand whatsoever, as well in law as in equity, of the said party of the first part, of, in, and to the same, and every part and parcel thereof." No attempt was made by the city to actually appropriate the property or interest condemned until about 18 years after the passage of said act, when, through several mesne conveyances, all substantially similar, plaintiff had become and was the owner. The party to whom the award was made, and the other grantors of the land, were paid for it precisely as if the title had not been affected, and the court said:

"The city now having taken possession, they [the grantors] must respond to the plaintiff upon their covenants, or else he is entitled to the award. In equity the award represents that portion of the land taken, and, under the circumstances of the case and the broad and comprehensive language of the deed, it can fairly be said that the parties intended to assign the award. Having conveyed the land with full covenants, it must be assumed that they intended to transfer the thing which represented it, which was the money awarded as its value."

The principle established by these cases seems to me decisive of this appeal, for there is no broad or comprehensive language in the letters patent which can fairly be said to include the award or indicate an intention to assign it. The fact that the description includes the portion taken by the city is immaterial, for only the balance of the land could be conveyed (In re City of Rochester, supra), and it is clear that the reference to the sale for taxes was only for the purpose of protecting the state from any claim which the grantee might make if the tax title should prove defective. It certainly cannot be claimed that this description of the right, title, and interest intended to be conveyed referred to an award made in favor of the state more than nine years before, and this view is confirmed by the consideration that the purchaser paid less than one-quarter of the damages awarded, and then in the hands of the court for distribution.

I am of opinion that the state has not been devested of its title to the award, and that the order of the special term should be reversed, with costs. All concur.