---

In re TRINITY AVENUE IN THE CITY OF NEW YORK.

MURRAY v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   December 7, 1906.)

EMINENT DOMAIN—DAMAGES—PERSONS ENTITLED—VENDOR AND PURCHASER.

Where property was taken for street purposes, the right to damages at once accrued to the owner of the property, and, although they were not fixed and ascertained until after a conveyance by such owner, the right to such damages did not pass by the deed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 407–416.]

Appeal from Special Term, New York County.

Proceedings to acquire title to property for the purpose of opening Trinity avenue in the city of New York.   From an order confirming the report of the commissioners awarding damages to Charles Pitchie, Bernard C. Murray appeals.   Reversed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Adolph C. Hottenroth (F. W. Hottenroth, on the brief), for appellant.

George W. Simpson (George H. Taylor, Jr., on the brief), for respondent Langdon.

CLARKE, J.  This is an appeal from part of an order of the Special Term confirming the final report of the commissioners of estimate and assessment in street opening proceedings.  There is but one question involved, and that is the determination of the rival claims to an award for the damage to one parcel.  The facts appear to be as follows:  One Charles A. Stadler was heretofore the owner of a large parcel of land situate in the Twenty-Third Ward of the city of New York.  He caused a map of the property, divided into 155 building lots, to be made and filed in the office of the register of the city and county of New York on the 20th day of June, 1887.  Upon said map the lots were distinguished by lot numbers.  On June 22, 1887, Stadler conveyed to Bernard C. Murray, the appellant, lots 147, 148, and 149, which were located upon the westerly side of Trinity avenue, a street not then opened by public authority, and upon both sides of which Stadler's property extended.  The deed conveyed by lot number upon said map and without description by metes and bounds.  It is conceded, therefore, that under said deed the title was vested in Murray to the land in the street in front of said lots to the center line thereof, subject, of course, to its use as a street.  On July 10, 1896, the title in the land in Trinity avenue vested in the city of New York by virtue of street-opening proceedings here under consideration.  On March 18, 1897, Murray and his wife conveyed to Charles Pitchie, by deed containing full covenants and a general warranty, lots Nos. 147, 148, and 149 by description according to lot numbers on the map heretofore alluded to and without metes and bounds, together with the appurtenances and all the estate and right of the said parties of the first part in and to said premises.  The description in the deed from Murray to Pitchie is identical with the description in the deed from Stadler to Murray, and therefore, if the situation had been the same as at the time of the conveyance from Stadler to Murray, Pitchie would have acquired title to whatever Stadler had conveyed to Murray, which would have included the land in the street to the center line thereof.  But the situation was not the same.  When Murray conveyed to Pitchie, he had lost the title to the land in the street, which had become vested in the city of New York.  The commissioners fixed the damages to the three lots by the taking of the land by the city for a street at $600, and awarded the same to Pitchie, who owned the lots at the time of the award, and the learned Special Term has confirmed their report.  The appellant claims that, inasmuch as the title to the lots was vested in him at the time the title to the land in the street became vested in the city, the right to be paid the award for the bed of the street was a personal right to him which had not been transferred by his subsequent deed of the lots to Pitchie.

It seems to me that the appellant's claim is well founded.  The road ceased to be private property and title vested in the city on the the 10th

day of July, 1896, when Murray was the owner of premises taken, and was under the provisions of the statute entitled to all damages which might be awarded for injury done. The right to those damages at once accrued, and, although they were not fixed and ascertained until after the conveyance by Murray to Pitchie, that fact does not alter the character of the right as a personal one vested in Murray at the taking of the road. When paid, it relates back to the original debt which accrued at that time. That right remained his unless it was transferred by the deed to Pitchie. It was not in terms embraced in the deed, and was a mere right of action not running with the land. The damages were like those which follow a trespass or wrongful taking of property although the wrong is made rightful by the legislative authority and the damages are awarded as a compensation. King v. Mayor, 102 N. Y. 172, 6 N. E. 395.

The question as to the right of an award as between a mortgagee and the owner of the equity has arisen in several cases, and the rule seems to be well established that, where a mortgage has been given upon property prior to the taking of a portion thereof by the city, if upon a foreclosure and sale after the taking by the city the amount realized is insufficient to meet the mortgage debt, the lien of the mortgage would extend to and embrace so much of the damages awarded as should be needed to make good the deficiency. As stated in Utter v. Richmond, 112 N. Y. 610, 20 N. E. 554:

"When land is taken for public use, the damages awarded are to take the place of the land in respect to all the rights and interests which were dependent upon and incident to it."

In alluding to King v. Mayor, supra, the court said:

"Where the right to an award had accrued and the land value been diminished before the conveyance was made under which the grantee claimed the damages, and we held that the land, already shorn of its easement, was the subject transferred, and the right to the award did not pass by the deed."

In the case of Home Insurance Company v. Smith, 28 Hun, 296, there was a controversy with respect to the title to an award between parties claiming under a transfer of part of the award from the original owner of the land, to whom the award had been made, and the purchaser under a mortgage sale which had taken place after the confirmation of the report of the commissioners, and so after the title had vested in the city. The sale brought enough to satisfy the mortgage. It was held that, the title of the owner to the part of the mortgaged premises taken for the street having been divested by the confirmation of the report prior to the sale on the foreclosure judgment, the sale operated only upon the remaining land, and that the part of the land for which the award was made was as completely excluded by the proceedings from the mortgage as though it had never been incumbered by it, and that consequently the purchaser under the sale acquired no title in law or equity to the award; that under the circumstances the award belonged to the owners of the land taken. The doctrine of that case was approved in Gates v. De La Mare, 142 N. Y. 307, 37 N. E. 121.

It seems to be settled that an award does not pass upon a sale and conveyance of the remaining land as a part of the estate conveyed or

appurtenant to it, but will only pass when specially assigned or describ-
ed in the conveyance. The vesting in the city was by public act of pub-
lic authorities, taken in pursuance of law, of which the purchaser of
adjacent lots who took subsequent thereto had notice or must be pre-
sumed to have had notice, and the price paid by him for the lots must
be presumed to have been fixed in consideration of the fact. Private
property cannot be taken for public use without compensation. Imme-
diately upon the taking of that property the right to the consideration
is vested in the then owner. There is nothing in the deed which as-
sumes to convey that right of the owner, which in this case had existed
for some eight months prior to the making of the deed, to receive the
award for the damage to his property, and the commissioners errone-
ously awarded the sum in controversy to the executors of the subse-
quent purchaser instead of to the appellant.

The only cases to which our attention has been called to the contrary
are certain cases which arose from a peculiar set of circumstances
in the city of Brooklyn, of which the case of Magee v. City of Brooklyn,
144 N. Y. 265, 39 N. E. 87, is an example. In that case the title, by
act of the Legislature, had vested in the city, but for 18 years no steps
had been taken by the city in accordance with the provisions of the
act, and in the meanwhile the property had been transferred time and
time again by full covenant warranty deeds, and when the award was
finally made the then owners of the property were the sole claimants
thereto. Under those circumstances the court held that they were en-
titled to it, but in each case did so upon the ground that the case was
sui generis. Judge O'Brien, who wrote the opinion in the Magee Case,
in Patterson v. City of Binghamton, 154 N. Y. 391, 48 N. E. 739, dis-
tinguished the Magee Case upon the distinct ground that "it belongs to
a class of cases that this court has always regarded as sui generis.
*   *   * These cases afford no authority for the contention that the
plaintiff in this case was divested of the title of an award made to him
before any judgment of foreclosure by a sale upon the judgment three
months after the award had vested in the plaintiff."

The order appealed from should be reversed, and the report return-
ed to the commissioners with instructions to make the award to the
damaged parcel under consideration to Bernard C. Murray, the appel-
lant, with costs and disbursements of this appeal. All concur.