(52 Misc. Rep. 604)

## In re REUBEL.

(Supreme Court, Special Term, New York County. · February, 1907.)

1. EMINENT DOMAIN—SALE OF PROPERTY—RIGHT TO AWARD.

A part of the premises acquired by a city in laying out an avenue was, at the time title was acquired, owned by R., who thereafter died. and the parcel was sold by a referee in partition. No express disposition was made of the award. *Held*, that the right to damages resulting from the acquisition of the premises by the city accrued when title vested in the city, and remained in the owner's estate, unless conveyed away by him or his successors.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 407–416.]

2. SAME.

Where city acquires title to land for street purposes, the right to the award vests in the owner, and passes to his estate on his death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 407–416.]

In the matter of Henry Reubel. Proceeding to quiet title to land for a public street. Referee's report confirmed.

Charles Strauss, for Henry Reubel.
Merle I. St. John, for Thorne.

BLANCHARD, J. This is a motion to confirm the report of the referee appointed to report, with his opinion, testimony taken regarding the ownership of a certain award herein. A part of the premises to which the city acquired title in laying out Tremont avenue was at the time the title was acquired owned by one Reubel. Thereafter Reubel died, and the parcel from which the city acquired certain premises was subsequently sold by a referee in a partition action in pursuance of a decree therein. The purchaser at the referee's sale was one Grossman, from whom the claimant, Thorne, derives title. According to the terms of sale and the conveyance this parcel was conveyed "as the same may exist with reference to said opening of Tremont avenue," and no express disposition was made of the award. The award is now claimed by the administrator of Reubel and also by Thorne.

The right to the damages resulting from the acquisition of the premises by the city accrued when title vested in the city, and, although

these damages were not fixed until the confirmation of the commis-sioners' report, which determined the award, that fact does not alter the character of the award as a personal right vesting in the owner when the property was acquired by the city and remaining in his estate, unless conveyed away by him or by his successors.   Matter of Trinity Ave. (Sup.) 101 N. Y. Supp. 613, 615; King v. Mayor, 102 N. Y. 171, 175, 6 N. E. 395; Matter of Seventh Ave., 59 App. Div. 175, 177, 69 N. Y. Supp. 63; Van Loan v. City of New York, 105 App. Div. 572, 576, 94 N. Y. Supp. 221.   A sale of real property does not carry with it an award for a portion taken by eminent domain, unless express mention is made thereof in the conveyance.   Matter of Seventh Ave., supra; Matter of City of Rochester, 136 N. Y. 83, 90, 32 N. E. 702, 19 L. R. A. 161; Patterson v. City of Binghamton, 154 N. Y. 391, 404, 48 N. E. 739.   According to the two cases last cited the referee not only did not, but in fact could not, sell anything more than the balance of the land without the award.   The judgment and inter-locutory decree in the partition action, which the claimant, Thorne, was not permitted to introduce in evidence, do not alter this conclusion. It follows, therefore, that the award is the property of the administrator of Reubel, and accordingly the report of the referee is confirmed.

Referee's report confirmed.