In re HAMILTON STREET, QUEENS BOROUGH, CITY OF NEW YORK.†

(Supreme Court, Special Term, Queens County. August 6, 1910.)

EMINENT DOMAIN (§ 153*)—DAMAGES—PERSONS ENTITLED.

Where, after a city had acquired title to land in the bed of a street, a deed was given with full covenant of warranty which included the street in question "subject to any rights" that the city or the public might have in any streets or avenues, the conveyance passed to the grantee the right to the award afterwards made for the bed of such part of the street.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 410; Dec. Dig. § 153.*]

Application by the City of New York relative to acquiring title in Hamilton Street. Order entered confirming the report and directing payment of awards.

Joseph A. Flannery (Philip B. La Roche, Jr., of counsel), for Stuard Hirschman.

Merle I. St. John, for Mary Trimble.

PUTNAM, J. After the city of New York had acquired title to land in the bed of the above street on August 1, 1902, Mary B. Trimble, on February 28, 1905, gave a full covenant warranty deed of lands which by metes and bounds included the street in question. The conveyance was, however, declared to be "subject, however, to any rights that Long Island City (now a part of the city of New York) or the public may have in any streets or avenues as laid out on the official map of Long Island City and included in the above-described premises." The question is whether this conveyance operated to pass to the grantee the right to the award afterwards made for the bed of this part of Hamilton street. It is settled that a deed with full covenants passes such a subsequent award. Magee v. City of Brooklyn, 144 N. Y. 265, 39 N. E. 87. The rule is claimed to be here distinguished by the clause declaring this deed subject to any rights of the city. But this clause merely copied a like clause in the conveyance to Mary B. Trimble, so that the learned referee seems quite justified in his finding that the clause was inserted in the deed in question simply as a repetition in accord with the usual forms of conveyancing. The effect, therefore, of the full covenant deed was to give the grantee all rights, except to qualify the covenants of seisin and against incumbrances by this allusion to the possible rights of Long Island City. The referee's conclusion that the conveyance created an equitable assignment of the award when it should be made is therefore approved.

An order will be entered confirming the report and directing payment of the awards in accordance therewith, with costs against the adverse claimant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† For opinion on reargument of motion to confirm referee's report, see 127 N. Y. Supp. 1045.