(83 Misc. Rep. 463)

### THOREN v. COCKBURN.

(Supreme Court, Appellate Term, First Department. January 3, 1914.)

EMINENT DOMAIN (§ 153*)—CONDEMNATION—CONVEYANCE—EFFECT TO ASSIGN AWARD.

A conveyance by metes and bounds of a plot including land previously taken by a city in condemnation proceedings, and as to which the report of the commissioners had been confirmed and the award paid to defendant four months previous to the conveyance, did not operate to assign to the grantee the grantor's right to such award, where no mention thereof was made in the conveyance.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 407–416; Dec. Dig. § 153.*]

Appeal from City Court of New York, Special Term.

Action by Augusta J. Thoren against Jenny Cockburn. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

William G. Mulligan, of New York City, for appellant.
Harold Swain, of New York City, for respondent.

GUY, J. The plaintiff sues to recover from defendant moneys which she alleges were erroneously paid defendant as an award for certain parcels of land taken by the city of New York in condemnation proceedings for the opening of Baychester avenue in the borough of the Bronx.

The report of the commissioners in said proceedings, awarding to the defendant, as the owner of damage Nos. 110, 111, 112, and 113, the value of said parcels, was duly confirmed by order of the Supreme Court entered on the 6th day of July, 1912, and the amount thereof paid to defendant.

Plaintiff brings suit under section 1002 of the Charter (Laws 1901, c. 466), alleging that defendant was not the owner of the property taken, at the time of vesting of title in the city, but that the true owner thereof was plaintiff's predecessor in title, and basing her claim upon a conveyance made to her by her predecessor in title in December, 1912, some four months after the confirmation of the commissioners' report.

The plaintiff rests her claim upon the authority of Magee v. City of Brooklyn, 144 N. Y. 265, 39 N. E. 87, which she contends lays down the rule that a subsequent conveyance, by metes and bounds, of land vested in a municipality for public purposes, operates, as matter of law, as an assignment of an award previously made and paid for such land, though no reference to the award is contained in such conveyance. A careful examination of the authority cited, however, discloses that it does not lay down or recognize any such principle. As stated in the learned opinion of the court, written by O'Brien, J.:

"The case has always been considered as sui generis, and the rights of the parties determined according to the peculiar facts and circumstances upon equitable principles." The lands were taken for street purposes by statute. Chapter 559, Laws 1871. "The taking, however, was only constructive, as the owners remained in possession, and no attempt was made by the city to actually appropriate it to the purpose intended until about eighteen years after the passage of the act. In the meantime the land was the subject of sale and transfer in various forms, and in many cases the title was changed from one party to another, and now, when the city has finally concluded to take and pay for the land, the question arises with respect to the party to whom the award rightfully belongs."

The owner at the time of the passage of the act conveyed, some three years thereafter, the entire plot, by metes and bounds, as it existed previous to the taking, including the part taken for street purposes, "precisely as if no act had been passed." This was followed

by several conveyances, all in the same terms, until the conveyance to Magee in 1890. All of the deeds purported to convey:

> "All the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity, of the said party of the first part of, in and to the same, and every part and parcel thereof."

On this state of facts the Supreme Court decided that:

> "In equity the award represents the portion of the land taken, and under the circumstances of the case and the broad and comprehensive language of the deed, it can fairly be said that the parties intended to assign the award. * * * While the actual appropriation of the property to the public use was delayed for many years, * * * it is reasonable to assume that the grantors in the several deeds expected that it would be actually taken at some future time and paid for, and hence they conveyed intending to vest the grantees with the claim against the city which was substituted for a title which each of them covenanted to protect and defend."

It is difficult to conceive of two cases involving the question of title to an award, where the facts are more at variance than the case cited and the case at bar. In the Magee Case the conveyance to plaintiff's original predecessor was made 15 years before the making of the award; in the case at bar the conveyance was made 4 months after the confirmation of the report of the commissioners, the vesting of title in the city, and the payment of the award.

The sole question involved on this appeal is whether, as matter of law, the subsequent conveyance to the plaintiff, by metes and bounds, of a plot, including land previously taken by the city, as to which the report of the commissioners had been confirmed, title vested in the city and the award paid to defendant four months before said conveyance, operates as an assignment of the previously paid award; there being no specific mention of the award or reference thereto in said conveyance to plaintiff. On this point the authorities are uniform that such a conveyance does not operate as an assignment of the award. In King et al. v. Mayor, 102 N. Y. 172, 6 N. E. 395, the Court of Appeals says (Finch, J., writing the opinion):

> "It (the award) was not in terms embraced in the deed and was a mere right of action not running with the land. * * * That has been held in cases where a railroad corporation has taken an owner's land, and thereafter, but before actual assessment, the owner conveyed the land. The assessed damages have been awarded to the owner as not passing by the deed."

In Utter v. Richmond, 112 N. Y. 613, 20 N. E. 556, the court, in upholding an equitable lien of a mortgage upon an award, says, in commenting upon the ruling in King v. Mayor, supra:

> "There the right to an award had accrued and the land value been diminished before the conveyance was made under which the grantee claimed the damages, and we held that the land, already shorn of its easement, was the subject transferred, and the right to the award did not pass by the deed."

In Matter of City of Rochester, 136 N. Y. 86, 32 N. E. 703, 19 L. R. A. 161, where the amount of an award for certain water rights taken by condemnation had been paid by the city into court, and the question to be determined was whether the funds belonged to W. H., who had obtained title to the remaining land through a purchase at foreclosure sale, or to A. M. H., the owner of a prior equitable lien

upon said water rights, who was not a party to the proceeding originally, but who had been allowed to intervene, the court says:

"That fund was the product of a paramount proceeding which cut off every right in the water both of owners and incumbrancers, so that there could be neither sale nor foreclosure as to that."

In Matter of Seventh Avenue, 59 App. Div. 175, 69 N. Y. Supp. 63, the plaintiff was the owner of a patent from the state of New York, acquired through tax sale proceedings, in and to certain described premises. Nine years before the granting of said patent, part of the plot had been taken through condemnation by the city of New York and an award made to the state therefor. The description in plaintiff's patent included the portion of the land which had been taken in condemnation proceedings, and plaintiff claimed that the granting of the patent operated as an assignment of the award for the portion of the land taken by condemnation. In reversing the order the court said:

"It is well settled that an award does not pass upon a sale of land as part of the estate conveyed or appurtenant to it, and that a deed is not effective to transfer an award unless it is expressly assigned or described and intended to be conveyed. * * * An award is a claim or right personally to the owner of the land. It is personal property that passes at death to the personal representative and not to the heir."

After commenting upon the Magee Case as an exception to the general rule, the court further says:

"There is no broad or comprehensive language in the letters patent which can fairly be said to include the award or indicate an intention to assign it. The fact that the description includes the portion taken by the city is immaterial, for only the balance of the land could be conveyed."

The question at issue herein has been later passed upon by the Appellate Division in Re Trinity Avenue, 116 App. Div. 252, 101 N. Y. Supp. 613; Clarke, J., writing the opinion. In that case one Stadler, the owner of a large parcel of land in the city of New York, caused a map of his property, on which it was divided into 155 building lots, distinguished by lot numbers, to be filed in the office of the register of New York City on June 20, 1887. On June 22, 1887, Stadler conveyed three lots, by lot numbers, to one Murray. Under said conveyance title was vested in Murray to the land in an unopened street in front of said lots to the center thereof, subject to its use as a street. On July 10, 1896, title to the land in the street vested in the city of New York through street opening proceedings. On March 18, 1897, Murray and wife conveyed to one Pitchie said three lots by lot numbers, with full covenants and a general warranty, together with the appurtenances and all their estate and right to said premises; the description in the deed from Murray and wife to Pitchie being identical with the description in the deed from Stadler to Murray. In reversing an order affirming the report of commissioners awarding damages to Pitchie, the court says:

"When Murray conveyed to Pitchie, he had lost the title to the land in the street, which had become vested in the city of New York. * * * The road ceased to be private property, and title vested in the city on the 10th day of

July, 1896, when Murray was the owner of premises taken, and was under the provisions of the statute entitled to all damages which might be awarded for injury done. The right to those damages at once accrued, and, although they were not fixed and ascertained until after the conveyance by Murray to Pitchie, that fact does not alter the character of the right as a personal one vested in Murray at the taking of the road. * * * That right remained his unless it was transferred by the deed to Pitchie. It was not in terms embraced in the deed, and was a mere right of action not running with the land."

The court continues, citing Utter v. Richmond, supra, and Home Ins. Co. v. Smith, 28 Hun, 296:

"It seems to be settled that an award does not pass upon a sale and conveyance of the remaining land as a part of the estate conveyed or appurtenant to it, but will only pass when specially assigned or described in the conveyance. * * * There is nothing in the deed which assumes to convey that right of the owner, which in this case had existed for some eight months prior to the making of the deed, to receive the award for the damage to his property, and the commissioners erroneously awarded the sum in controversy to the executors of the subsequent purchaser instead of to the appellant."

Further, in referring to the Magee Case and cases of a similar character, the court says:

"Judge O'Brien, who wrote the opinion in the Magee Case, in Patterson v. City of Binghampton, 154 N. Y. 391, 48 N. E. 739, distinguished the Magee Case upon the distinct ground that 'it belongs to a class of cases that this court has always regarded as sui generis. * * * These cases afford no authority for the contention that the plaintiff in this case was divested of the title of an award made to him before any judgment of foreclosure by a sale upon the judgment three months after the award had vested in the plaintiff.' "

In Patterson v. City of Binghampton, 154 N. Y. at page 404, 48 N. E. at page 742, supra, Judge O'Brien, in a dissenting opinion, says:

"There is no authority for the contention that an award passes upon a sale and conveyance of land as a part of the estate conveyed or appurtenant to it, but the contrary has been decided in numerous cases. It will not pass by a conveyance of the owner unless specifically assigned or described."

While the question directly determined in that case was not the same as in the case at bar, the rule laid down by Judge O'Brien clearly indicates that it was not the intention of the Court of Appeals in the Magee Case to depart from or modify the general rule that a conveyance of land, by metes and bounds, which includes a part thereof previously taken by condemnation and an award made therefor, does not operate as an assignment of such award unless specifically referred to in said conveyance.

In Matter of Reubel, 52 Misc. Rep. 604, 605, 103 N. Y. Supp. 804; affirmed 122 App. Div. 921, 107 N. Y. Supp. 1143, and 191 N. Y. 524, 84 N. E. 1119, this appellate court again laid down the rule that:

"A sale of real property does not carry with it an award for a portion taken by eminent domain unless express mention is made thereof in the conveyance."

There being no evidence of an assignment to plaintiff or of title in plaintiff to the award in question, the judgment must be reversed, with costs, and the complaint dismissed, with costs. All concur.