Constance W. Terry and Others, as Administrators with the Will Annexed of the Goods, Chattels and Credits of Waldron Williams, Deceased, Plaintiffs, v. Marx Realty and Improvement Co., Inc., and Another, Defendants.

Supreme Court, New York County, September 7, 1927.

Mortgages — foreclosure — action to foreclose mortgage on leasehold — defense that leasehold had expired — motion to strike out denial and to strike out answer denied — defenses insufficient as matter of law — judgment on pleadings granted.

This is an action to foreclose a mortgage on a leasehold. The lease, which has expired, provided that the owner of the premises might renew the lease and in case it did not the appraised value should be paid to the lessee in possession at the time of the expiration of the lease. An action is now pending by one of the defendants against the owner to set aside an appraisal and to recover damages. The motion to strike out the denial on the ground that it was interposed in bad faith is denied. The motion to strike out the answer as sham and frivolous under rule 104 of the Rules of Civil Practice is denied since it does not appear that the defenses were not interposed in good faith.

The partial defense to the effect that the lease had expired is not sufficient in law, because the mortgagor has the right to foreclose, especially in view of the fact that there may be something due from the lessor under its contract of appraisal, it not having elected to renew the lease.

The plaintiff cannot be compelled to accept a share in the action instituted by the defendant against the owner of the premises to set aside the appraisal and for damages and it is no defense that the maintenance of this action will embarrass the defendant in his action against the owner.

The plaintiff is entitled to judgment on the pleadings under rule 112 of the Rules of Civil Practice.

Action to foreclose mortgage on leasehold.

*Shiland, Hedges, Nicoll & Pelham,* for the plaintiffs, for the motion.

*Reed, Dougherty, Hoyt & Washburn,* for the defendants, opposed.

Frankenthaler, J. Defendants are respectively the mortgagor of the leasehold and the assignee of the lease who took subject to the mortgage. The lease included in addition to the right of tenancy for a period of years expiring October 31, 1926, the provision that the owner of the premises, Columbia University, had the option to renew said lease but no such right in the tenant. The lease likewise provided that in the event of the failure to renew by Columbia University, the appraised value should be paid to the lessee in possession at the time of the expiration of the term of years. Plaintiffs' title to the mortgage sought to be foreclosed is not disputed. The default and amount due upon said mortgage

is not disputed. As a defense it is alleged that by virtue of the expiration of the term of years provided for in the lease there is no estate upon which foreclosure can be made. As a second defense it is urged that the foreclosure will be embarrassing to the defendants by virtue of the defendants' financial inability to buy in at the foreclosure sale to protect whatsoever interest they might have. As a result of the appraisal, suit has been brought by one of the defendants against Columbia University to set aside the appraisal and for damages in the sum of $80,000. Defendants offered to the plaintiff a share in this cause of action and set that up as a defense to this foreclosure action.

The motion to strike out the denial contained in the answer is denied. The only denial, which is to paragraph " twelfth " of the complaint, does not show bad faith and does not appear to have been interposed necessarily as a sham and frivolous pleading.

Motion to strike out the answer and treat the same as a nullity on the ground that it is a sham and frivolous pursuant to rule 104 is likewise denied. It does not appear that the defenses were not interposed in good faith and they do appear to attempt to set forth defendants' sincere version of what he considers an equitable defense to the foreclosure action.

Motion to strike out the first partial defense and the second partial defense on the ground that they do not state facts sufficient to constitute defenses, and the motion for judgment upon the pleadings pursuant to Rules of Civil Practice, rule 112, are granted.

The fact that a term of years granted in a lease has expired does not by itself wipe out all equities in the lease. The mortgage in question which is here sought to be foreclosed covered not only the term of years but likewise all covenants, rights, provisions, etc., in the said leasehold.

One of these provisions and covenants contained in this leasehold is the right to an appraisal upon the exercise of the option to cancel by Columbia University. Whether or not this provision is of financial value is not for the court here to determine. The defendant having commenced an action against Columbia University lends support to the view that said provision in the lease may be valuable. The plaintiffs as the owners and holders of the mortgage upon which there is a default have a right to foreclose in order to become possessed of whatever there is left of value in said leasehold. A right to damages contained as a provision in a lease is subject to foreclosure.

" No doctrine could be more clearly just than that, when land is taken for public use, the damages awarded are to take the place of the land in respect to all the rights and interests which were

dependent upon and incident to it." ( *Utter* v. *Richmond,* 112 N. Y. 610, 613.)

The equitable lien of a mortgage upon damages awarded was likewise said by the court in the above case to be " perfectly well settled."

There is no reason why plaintiffs should be compelled to accept a share in defendant's action against Columbia University in lieu of plaintiff's right by virtue of his mortgage to what there may be left of value in the leasehold itself.  The fact that the defendant Brendan Realty Company did not assume the bond to the plaintiff but merely took subject to plaintiff's mortgage is additional reason why plaintiffs are not to be forced into a law suit not of their own choosing.

The plea set up in the second defense of possible embarrassment to the defendants in their law suit against Columbia University, and the doubtful value of the claim to be sold upon said foreclosure, and the further offer of the defendants to the plaintiff to share in the action against Columbia University, do not constitute an equitable defense to this action.  (*Morris* v. *Tuthill,* 72 N. Y. 575.)

In that case, defendant alleged that the plaintiff and the assignor of the mortgage acting in concert were seeking so to harass and embarrass and oppress the defendant that he would be prevented from paying the amounts due upon the mortgage and thereby lose through foreclosure his equity of redemption which the mortgagee would then be able to purchase for an insignificant sum.  The court stated (at p. 577): " But they do not tend to show that the mortgages have been satisfied or that the full amount claimed is not due thereon, or that the plaintiff is not the legal holder and owner, and entitled to maintain this action.  *    *    *

" It is sufficient that the mortgage debt is due, and has been transferred to and is now owned by the plaintiff.  He may have bought it from motives of malice toward the defendant and solely with a view to sue upon them, and the former owner from a like motive may have transferred them without consideration, but this would not constitute a defense to the action.  The appellant can only arrest the action by paying the amount due, or tendering the same and bringing it into court.  The facts stated do not constitute an equitable defense to the mortgages, or impeach the plaintiff's title."

The defenses sought to be set up being insufficient, as a matter of law, the plaintiff is entitled to judgment upon the pleadings pursuant to Rules of Civil Practice, rule 112.

Enter judgment accordingly.