FEDERAL LAND BANK OF LOUISVILLE *et al.*, COMPLAINANTS, APPELLANTS, *v.* MONROE COUNTY *et al.*, DEFENDANTS, APPELLEES.*

(*Knoxville,* September term, 1932.)

Opinion filed November 26, 1932.

---

*As to personal rights under eminent domain proceedings, see 10 R. C. L., 181, 182.

BURN & MICHAEL, and J. F. WILLIAMSON, for complainants, appellants.

PEACE & SLOAN, for defendants, appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The object of this bill is to recover for the complainant bank an award of damages made against Monroe County in a condemnation suit whereby certain land was taken for a public highway. The award was paid by Monroe County to the landowners but, prior to payment, said landowners had mortgaged to the bank the tract over which the right-of-way was taken. It is alleged that notwithstanding this mortgage, of which it is said the county had actual and constructive notice, the county turned over the entire award to the landowners, with the exception of a small sum paid to the bank by agreement. The chancellor dismissed the bill on demurrer and the bank has appealed.

The petition for condemnation was filed in the name of the highway commissioner on January 16, 1928, averring that Joe Gaut was the owner of the land sought to be appropriated. As a matter of fact the land belonged to his mother, Mrs. Elizabeth J. Gaut, his sisters and himself. On March 23, 1928, Joe Gaut and certain of his sisters conveyed their interest in the land to his mother and the other sisters. Later an intervening petition was filed in the condemnation suit and the true owners of the land made parties thereto.

On April 14, 1928, pending this condemnation suit and before an award of damages was made, the owners of the tract mortgaged it to secure a loan of $23,000 by the

complainant bank. This mortgage was recorded on May 3, 1928.

The award for the right-of-way taken was made some months after the execution and registration of this trust deed and, as stated above, the sum awarded as damages was distributed among the owners of the land by the county, except for a small amount turned over by agreement of the parties to the complainant bank to meet a payment on the mortgage indebtedness then due.

■ It may be conceded that Monroe County had notice of the mortgage executed by the owners of the land over which the right-of-way was condemned prior to the payment of the damages awarded to such owners. Nevertheless, under the authority of *County of Obion* v. *Edwards*, 159 Tenn., 491, and cases there cited, we think the damages were properly paid to the owners of the land, rather than to the mortgagee. Damages for taking land under the right of eminent domain belong to the owner at the time of the taking and such claim for damages does not pass to a grantee of lands over which a right-of-way has been taken, unless expressly assigned. Such is the holding in the case of *County of Obion* v. *Edwards, supra; Smith* v. *Railway Co.*, 88 Tenn., 612; *Railroad* v. *Stovall*, 59 Tenn. (12 Heisk.), 1. This is a general rule as appears from authorities reviewed in the cases cited. We may refer also to notes in Annotated Cases 1915A, 732 and 736 where the decisions supporting the general rule and some exceptional cases are collected.

■ It is urged, however, that the application for this loan was made to the complainant bank in November, 1927, before the condemnation suit and the contemporaneous taking of the land. It is said that this application for the loan contained an agreement to execute a

mortgage upon the land to secure said loan, that the agreement was in effect an equitable mortgage itself, and that the mortgagee was in equity the owner of the land at the time of the taking and entitled to the damages.

This court has discussed equitable mortgages and equitable liens in several recent cases, *Hunt* v. *Curry*, 153 Tenn., 11; *Milam* v. *Milam*, 138 Tenn., 686; *Ice & Coal Co.* v. *Alley*, 127 Tenn., 173, and has been quite favorably inclined toward the enforcement of such charges. An agreement to give a mortgage or lien cannot be effective to create such a lien, however, until a consideration has passed on the faith of that agreement. *Milam* v. *Milam*, *supra*. A lien, equitable or otherwise, exists to secure an obligation. No obligation whatever was created on the strength of this application for a loan. No advance was made by the complainant bank to the landowners until the mortgage was executed and the mortgage of course superseded the application. If the loan had been made and the money turned over to the landowners pending the execution of the mortgage, then the contention of complainant bank would be strong.

It is next said on behalf of complainant bank that the mortgage executed by the landowners contains language equivalent to an express assignment of the damages awarded to them. The paragraph relied on is this:

"The parties of the first part agree that any and all moneys due and payable to them or any of them in settlement of any and all damages or rents, accruing by reason of any and all leases now on or which may be placed on the above real estate during the term of this deed of trust shall, at the option of the party of the second part, belong to and be paid to party of the second

part, and if so paid, applied to the reduction of the principal or interest of the loan hereby secured.''

It seems to us that to read the word *damages* in the paragraph quoted as referring to damages allowed for a right-of-way taken over the land is a strained and unwarranted construction.

The punctuation and the entire sense of the paragraph show that the damages as well as the rents mentioned are damages ''accruing by reason of any and all leases, etc., etc.'' This mortgage was executed on a printed form and we assume that the expropriation of lands on which complainant bank makes loans is a thing occurring so seldom that its form instruments do not cover such contingency. We are satisfied the mortgage before us did not and was not intended to operate as an assignment of damages to lands so taken. The condemnation suit was a matter of record and the complainant bank could have readily secured its right to this award by an assignment containing apt words, if it had been so disposed.

It is again insisted by the complainant bank that the warranty of title contained in the mortgage was effective to pass the landowners' right to this award of damages subsequently paid. This proposition is not tenable. The warranty in the deed would have passed an after-acquired title of the landowners. As shown, however, in *County of Obion* v. *Edwards, supra,* and the cases therein reviewed, the right to damages for land condemned is a personal right of the owner at the time the land was taken. In *County of Obion* v. *Edwards, supra,* this court quotes and follows *Roberts* v. *Northern Pacific R. Co.,* 158 U. S., 10, 39 L. Ed., 876, and in that case the Supreme Court of the United States quoted and followed *Schuylkill & S. Navigation Co.* v. *Decker,* 2

Watts., 343, in which Chief Justice GIBSON said that damage for land expropriated was compensation for injury in the nature of a trespass and could not pass by a mere conveyance of the land. Such a claim for compensation being a mere personal right not an interest in the land, we do not see how it could be diverted by a warranty of title. *Magee* v. *City of Brooklyn,* and *Delap* v. *City of Brooklyn,* 144 N. Y., 265, 39 N. E., 87, referred to by complainant bank, is a case said by the court deciding it to be *sui generis.* There was a constructive taking of land for street purposes in that case but the land was not actually appropriated by the city for eighteen years. The succeeding owner of the land was in possession when it was in fact taken.

Some other points made by the complainant bank do not require discussion and, for the reasons stated, the decree of the chancellor is affirmed.