In the Matter of HAMILTON AVENUE WIDENING from Henry Street to Third Avenue, Damage Parcels 351, 352, 353, 354, Borough of Brooklyn, New York City.

In the Matter of the Application of EDWARD W. SULLIVAN, Petitioner, for Payment of Award, etc.

Supreme Court, Special Term, Kings County, January 27, 1942.

*John J. Cunneen*, for the petitioner.

*Homer I. Harris*, for Mary C. Sullivan, as administratrix *c. t. a.* of the estate of James J. Sullivan, deceased.

*Allin, Riggs & Shaughnessy* [*Joseph R. Shaughnessy* of counsel], for Margaret Sullivan, as administratrix, etc., of Frederick Sullivan, deceased.

*William C. Chanler, Corporation Counsel* [*Benjamin Offner, Assistant Corporation Counsel,* of counsel], for the city of New York.

LEWIS, J. This is a condemnation proceeding in which Edward W. Sullivan's claim to the award is opposed by Margaret Sullivan, as administratrix of Frederick J. Sullivan. She seeks payment of an undivided one-half interest in a mortgage dated 1907 and assigned in 1909 to Frederick J. Sullivan, deceased, and Edward W. Sullivan. In 1935 Frederick J. Sullivan brought an action to foreclose said mortgage and on motion for summary judgment the complaint was dismissed. The Appellate Division affirmed (248 App. Div. 632) and motion for leave to appeal to the Court of Appeals was

denied both by the Appellate Division (248 App. Div. 882) and by the Court of Appeals (272 N. Y. 679). The basis for the dismissal was the operation of the Statute of Limitations.

Although Margaret Sullivan does not deny the effective bar of the statute to an action on the mortgage, she urges that the mortgage continues as a subsisting lien.

The damages awarded in condemnation take the place of the land, and the fund thus created becomes a substitute for the real property. (*Utter* v. *Richmond*, 112 N. Y. 610, 613; *Matter of City of New York* [*Cropsey Ave.*], 268 id. 183, 186.) Margaret Sullivan could not enforce the mortgage lien against the land. She is in no better position in seeking a share of the award on condemnation.

An apparent tendency in the older cases to limit unduly the applicability of the Statute of Limitations requires their careful scrutiny. Thus the earlier cases held that an executor has an enforcible equitable lien on a legacy in his possession for the payment of a debt due from the legatee to the decedent even though the Statute of Limitations had run against the debt. (See *Rogers* v. *Murdock*, 45 Hun, 30.) There has been a contrary ruling which holds that the executor cannot set off the unpaid debt (*Kimball* v. *Scribner*, 174 App. Div. 845), and that is the present law. (Cf. *Matter of Cordier*, 168 Misc. 577, 579; *Matter of Haase*, 174 id. 42, 43.)

This is not the case where a right of recovery exists on two separate grounds, only one of which is barred by the lapse of time. (Cf. 2 Carmody's New York Practice, § 413; *House* v. *Carr*, 185 N. Y. 453.) In *Hulbert* v. *Clark* (128 N. Y. 295) only action on the note was barred; the statute had not run on the mortgage. Here it has already been determined that an action to foreclose will not lie. The statutory bar extends to any action on the mortgage, and by implication precludes enforcement of the mortgage lien by foreclosure or otherwise. Margaret Sullivan, in effect, is seeking to enforce such lien. She is prevented from so doing by the Statute of Limitations.

The contention that the petitioner in taking a deed in 1931 made his claim subject to the rights of the estate of Frederick J. Sullivan was presented in the prior adjudication for the purpose of avoiding the Statute of Limitations and was rejected. There is no merit to the other points raised. The award should be paid to Edward W. Sullivan and to those to whom he has assigned an interest.